ELIZABETH LONG *et al.*

*v.*

BRIDGET FOX *et al.*

*Filed at Ottawa, May 14, 1881—Rehearing denied September Term, 1881.*

1. CHANCERY PRACTICE—*waiver of demurrer by neglect to have it called up.* It is the duty of a defendant, if he relies on a demurrer to a supplemental bill in chancery, to call up the same, and have it passed upon before a hearing and final decree; and if he does not call up the same in proper time, he will be deemed to have waived the demurrer, by allowing the cause to be heard without a decision upon it, The rendering a decree in such a case is in effect overruling the demurrer.

2. Same—*hearing without issues of fact.* Where a defendant allows a cause in chancery to come to a hearing as though the issues were properly made up, and a final decree entered, without calling the attention of the court to the fact that a demurrer to a supplemental bill remains undecided, he will be estopped on appeal or error from showing the issues were not made up.

3. Trust—*when trustee liable personally.* A person who obtains a deed for real estate from an insane person wrongfully and by improper means, will in equity be treated as his trustee, and as such will be required to account to him or his legal representatives for any breach of the trust, and a personal decree may be rendered against the trustee for the value of the property converted by him to his use.

4. So, where husband and wife, by imposition and improper means, procure a conveyance of valuable real estate to be made to the latter by a brother at the time incapable of making a contract, and make an incumbrance on the same to a creditor who has no notice of the fraud or facts of the case, on bill to set aside such deed the grantee may be required to pay off and discharge the incumbrance.

5. Chancery—*reversing on facts.* Unless this court is able to say that the finding of the circuit court in a chancery suit is clearly wrong, it will not reverse the decree on the ground the evidence does not justify it, although it might be better satisfied if the finding had been the other way.

Writ of Error to the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Mr. Robert Hervey, and Mr. A. D. Carter, for the plaintiffs in error:

The plaintiffs in error claim that the decree in this case should be reversed—

*First*—Because not only does the evidence of defendants in error fail to show that Egan was mentally incompetent to make this deed, or that he was improperly influenced, but, on the contrary, it clearly establishes his competency.

*Second*—Because of errors in the proceedings in matters of law.

Under the first point we claim that the burden of proof was on defendants in error to show Egan's mental incompetency to make the deed. *Roe* v. *Taylor,* 45 Ill. 490.

Again, we say that mere mental weakness will not authorize a court of equity to set aside a deed, if such weakness

does not amount to inability to comprehend the contract, and is unaccompanied by evidence of imposition or undue influence.    *Miller* v. *Craig,* 36 Ill. 109; *Scanlan* v. *Cobb,* 85 id. 296; *Baldwin* v. *Dunton et al.* 40 id. 188; *Clearwater et al.* v. *Kimler et al.* 43 id. 272; *Lindsey, Jr.* v. *Lindsey,* 50 id. 79; *Williams* v. *Dunn,* 93 id. 511.

We further claim that the court erred in entering a final decree without disposing of the Longs demurrer to the supplemental bill.    Nothing was done by them to waive this right.

Further, plaintiffs in error claim that the court erred in decreeing that plaintiff in error Elizabeth Long should pay, out of her own means, the amount due the mortgage company, and discharge its trust deed from the whole of said premises, since the court had no right, at the most, to command her to discharge the trust deed from the whole of said premises, but only from the interest of defendants in error therein.

Messrs. WAITE & CLARKE for Margaret Carroll, Mr. P. McHUGH for Julia Byrne *et al.,* and Mr. R. W. CLIFFORD for Bridget Fox:

From the evidence in this case it is clear that Egan was insane at the date of the making of the deed, and if this is so, whether such insanity resulted from drink or any other cause, the deed is voidable.    *Menkins* v. *Lightner,* 18 Ill. 284; *Scanlan* v. *Cobb,* 85 id. 299; *Van Horn* v. *Keenan,* 28 id. 445.

Such a deed so made will be set aside at the instance of the party, or of his conservator, or his representatives, or his heirs.    *Menkins* v. *Lightner,* 18 Ill. 284.

The condition at the time of execution is the point to be considered, and evidence of previous and subsequent insanity is admissible to show condition at this time.    *Anderson* v. *Cranmer,* 11 W. Va. 562; *Jarett* v. *Jarett,* id. 584.

The case of *Van Horn* v. *Keenan,* 28 Ill. 445, goes almost to the full extent of the English doctrine, and sets aside a

deed under less strong circumstances of control over the donor than the case at bar.

The fact that a man could ordinarily write, but was in such condition that he had to make his mark, is a strong circumstance to show his mental incapacity to make the deed or understand its legal effect, and neither in England nor this country would a will be admitted when a party could write, but did not write his name. *Delafield* v. *Parish*, 25 N. Y. 59.

It is in proof that Egan was unable to control the calls of nature before and after, and at the time of making the deed. Such inability has ever been regarded as a distinguishing evidence of the loss of mental power. *Delafield* v. *Parish*, 25 N. Y. 44.

This deed was presumed to be drawn by the Longs, and in law is deemed their act, because done, by their procurement, through an attorney whom they engaged and paid. This in itself casts suspicion on the making of the deed, and unless the donees can remove this suspicion, the court will not decide in favor of the instrument. *Delafield* v. *Parish*, 25 N. Y. 36; *Crespell* v. *Dubors*, 4 Barb. 398; *Park* v. *Olatt*, 2 Phillip, 323.

By neglecting to call up their demurrer, by taking proof on the reference, by excepting to the master's report, and going on to the hearing on the master's report, the Longs waived their demurrer. *Hungate* v. *Reynolds*, 72 Ill. 426; *Jameson* v. *Conway*, 5 Gilm. 230; *Skinner* v. *Dayton*, 5 Johns. Ch. 191; *Executors of Bather* v. *Van Cortland*, 2 id. 242; *Reed* v. *Kemp*, 16 Ill. 445.

The parties have treated the cause as at issue, and it was so heard and decided by the court below, and under such circumstances it is too late to urge such objections in this court. *Jameson* v. *Conway*, 5 Gilm. 230; *Corbus* v. *Teed*, 69 Ill. 209; *Armstrong* v. *Mack*, 17 id. 166; *Beesley* v. *Hamilton*, 50 id. 88; *Strohm* v. *Hayes*, 70 id. 43; *Rowan* v. *Kirkpatrick et al.* 14 id. 1; *Webb* v. *Insurance Co.* 5 Gilm. 225.

The Longs were at liberty to file a new answer, but the complainants were not obliged to require them to do so. *Miller* v. *Whittaker,* 33 Ill. 386. They can not complain of their own omission. The court will not consider an error that has done the party no harm. *Forman* v. *Stickney,* 77 Ill. 578; *Rowen* v. *Kirkpatrick,* 14 id. 1.

Under the answer originally in—to the original bill—all the rights of the plaintiffs in error were protected, and all matters of defence to the so-called supplemental matter added could be availed of, and the party could as fully introduce evidence as under any new answer. *Forman* v. *Stickney,* 77 Ill. 578.

The demurrer was not well taken, and hence the party is not injured.

Mr. Justice Mulkey delivered the opinion of the Court:

This was a bill in chancery, originally filed by Thomas Brennan, as conservator of Patrick Egan, against Elizabeth Long, and her husband, Francis Long, to set aside a deed made by Patrick Egan, bearing date November 23, 1875, conveying to Elizabeth Long, his sister, certain real estate in the city of Chicago, for the consideration, as recited in the deed, of one dollar and the love and affection which the grantor bore to the grantee. The property conveyed consists of a lot upon which there is a three-story brick and stone building, and its value is variously estimated at from $20,000 to $50,000.

The bill charges that Egan, before and at the time of the conveyance, was insane, and that its execution was obtained through the fraud and undue influence practiced upon and exercised over him by the grantee and her husband. Egan was found to be insane by the county court of Cook county in April, 1876, and Thomas Brennan, the original complainant, was appointed his conservator, on the 12th of the following month. Pending the suit, to-wit, on the 11th of September,

1876, Egan died intestate, without children or descendants of children, and defendants in error, his only heirs at law, with the exception of his sister, Elizabeth Long, by order of court were made complainants to the bill.

Prior to the filing of the bill, to-wit, on the first of April, 1876, Elizabeth and Francis Long, for the purpose of securing a loan of $8000 made to them by the Scottish American Mortgage Company, conveyed the premises in question by a deed of trust to Henry I. Sheldon. By an amendment to the bill, Sheldon and the mortgage company were subsequently made parties to the bill. Answers were filed by all the defendants, denying the equities of the bill. Upon the hearing quite a number of witnesses were examined orally before the court, the most of the testimony being directed to the question of Egan's sanity at the time of the execution of the deed. The court, by its decree, filed December 12, 1877, found that Egan at the time of the conveyance was of unsound mind; that the deed was obtained by imposition, and that defendants, Elizabeth and Francis, took no interest in the premises under it, and declared the same null and void. On the other hand, the court found that Sheldon and the Scottish American Mortgage Company were *bona fide* purchasers without notice, and declared that the setting aside of Egan's deed should be ineffectual as to them, and that the indebtedness secured by the trust deed should remain a valid charge upon the premises until paid, and the cause was referred to the master to take an account of the rents and profits of the premises, taxes, etc., during the time they were in the possession of plaintiffs in error.

While the proceedings were in this condition, and pending the order to take the account, the complainants assuming that the original bill was so imperfectly drawn as not to warrant the court in granting relief to the full extent of their rights, applied for and obtained leave to file a supplemental bill, which, after reciting at length the charges in the original

bill, and all the proceedings under it, proceeds to charge as follows: That Elizabeth Long's interest in the premises in question, as one of the heirs at law of Egan, is not adequate to the amount of the loan made by Elizabeth Long from the mortgage company, and such interest does not exceed in value $4000 in the premises in question, and by the act of incumbering the same by Elizabeth Long, a fraud has been committed on complainants, and that if the mortgage company is decreed to be a *bona fide* purchaser without notice, and to hold the entire interest in the estate so conveyed to said Sheldon by said deed of trust, the estate of complainants will be held burdened with the amount of said loan, and that if said mortgage company should be so held it should be compelled to take the said money, with the interest thereon, and release the said trust deed and the estate of complainants from lien thereof, and that said Elizabeth Long should be decreed to pay said $6500, and relieve the estate of complainants from the burden thereof.

This was the only new matter contained in the supplemental bill, and it is clear that it does not materially change the scope or purposes of the original bill.

Demurrers to the supplemental bill were respectively filed by Elizabeth and Francis Long, and by Sheldon and the mortgage company. The court overruled the demurrer filed by the latter, but from inadvertence or some other cause never formally passed upon that of the former, and this is one of the errors relied on for a reversal.

This demurrer was filed in December, 1877, and the final order in the cause was not entered until the 19th of February, 1880. During all this time plaintiffs in error permitted this demurrer to lie quietly and undisturbed among the files, without making any effort whatever to bring it to a hearing. It was their duty, if they relied upon the demurrer, to have called it up and had it passed on by the court, and not having done so after such an extraordinary delay, they must

be deemed to have waived it. The rendition of the decree on the supplemental bill was in effect overruling the demurrer, and if plaintiffs in error desired to answer, they should at least have made application to do so at the time of the rendition of the decree. Before that time they had the right to do so without leave; but not having done so, and sitting quietly by and allowing the decree to go, without asking an extension of time to answer, or even calling the attention of the court to the fact that there was a demurrer on file not passed upon, or in any other manner attempting to raise the question in the court below, we hold that it is now too late to raise it here for the first time. The hearing proceeded, and the case was treated by both parties as though the issues were properly made up, and they can not now be heard to say they were not made up. *Jameson* v. *Conway*, 5 Gilm. 230; *Corbus* v. *Teed*, 69 Ill. 209; *Strohm* v. *Hayes*, 70 id. 43; *Rowan* v. *Kirkpatrick et al.* 14 id. 1; *Miller* v. *Whittaker*, 33 id. 386.

By the supplemental decree, Elizabeth Long is required to pay the mortgage company the amount due under the trust deed, and the same is made a specific lien upon the interest she inherited from Egan in the premises, and this is also assigned for error. We do not regard the objection as well taken. Having obtained the deed from Egan in violation of law and in fraud of his rights, she in equity is to be treated as his trustee, and as such must account to him or his legal representatives for any breach of the trust. Assuming the facts to be true as found by the court, they present a clear case of a constructive trust, and no rule of law is better settled than that where a trustee wrongfully converts to his own use the trust property, or any part of it, the *cestui que trust* is entitled in equity to a personal decree for the value of the property so converted.

The vital questions presented by this record are questions of fact, namely: Was Egan of sound mind at the time of

the execution of the deed? Did Mrs. Long procure its execution by fair and legitimate means, or did she obtain it by taking advantage of the loss of his mind, and the unfortunate circumstances which surrounded him? Upon these questions a vast amount of evidence was taken, and the greater portion of the argument of counsel is devoted to them. Upon an examination of the evidence, we find it is conflicting and not to be reconciled. The questions are of that character about which honest witnesses might well differ, and the probative force of their testimony would depend largely upon their means and capacity of acquiring an intimate knowledge of the subject of inquiry. To attempt a discussion of the unusually large amount of testimony directed to these questions, can not reasonably be expected of us. Suffice it to say, that upon as careful an examination as we have been able to give it, we are unable to say the finding of the court below, whose opportunities for arriving at the real truth were far better than ours, is clearly wrong, and unless we were able to do this, according to the well settled rule of this court we would not be justified in reversing the decree on the ground the evidence did not sustain it, although we might be better satisfied if the finding had been the other way. *Coari* v. *Olsen,* 91 Ill. 273; *Toledo, Wabash and Western Railway Co.* v. *Moore,* 77 id. 217; *Wiggins Ferry Co.* v. *Higgins,* 72 id. 517; *Bishop* v. *Busse et al.* 69 id. 403.

Perceiving no substantial error in the decree, it will be affirmed

*Decree affirmed.*