## Clara B. Carter v. James H. Carter, Hardin Carter, George V. Mechler, Joseph Rickelman, The First National Bank of Effingham.

1. TRIAL BY THE COURT—*Findings of Fact.*—Where the judge sitting as a chancellor sees and hears the witnesses, error assigned on his findings of fact must be clear and palpable to authorize a reversal.

2. DEEDS—*What is a Sufficient Delivery.*—Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual, by which the grantor loses all control over it, and by which the grantee is to become possessed of the estate, constitutes a sufficient delivery.

Separate Maintenance.—Trial in the Circuit Court of Effingham County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

S. F. GILMORE, W. S. HOLMES and I. B. CRAIG, attorneys for appellant.

WRIGHT BROTHERS, attorneys for George V. and E. I. Mechler, appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a bill for separate maintenance brought by appellant against her husband, James H. Carter. The bill was taken *pro confesso* against him, and after hearing upon answers of other defendants and replications, a decree was rendered for complainant against James H. Carter, that he pay complainant $75 per month from December 1, 1897, and $300 for her attorney's fees; that the household and kitchen furniture in a dwelling occupied by complainant be vested in her; that complainant should have a lien securing her separate maintenance decreed her, upon lot 12 and the north ½ of lot 13, in block 17, in Alexander & Little's North Addition to Broughton, now the city of Effingham, subject to a prior lien of Eldorado Mechler for $2,254.16, and law-

ful interest thereon; and also a lien on certain personal property taken by a writ of replevin by George V. Mechler, subject, however, to a prior lien of George V. Mechler, of $435.08.

Appellant assigns as errors:

1. That the court erred in decreeing that Eldorado Mechler had any lien for purchase money upon the premises described in the decree.

2. The court erred in finding that Eldorado Mechler had loaned the sum of $1,800, as set forth in the decree, to James H. Carter.

3. The court erred in decreeing that Eldorado Mechler had a lien prior to complainant upon the premises described in the decree for the said claim of $1,800 and interest.

4. The court erred in decreeing that George V. Mechler had a prior lien to complainant upon the personal property replevied by him.

This assignment raises questions of both fact and of law. Complainant in her bill alleges that her husband, James H. Carter, in 1895, bought a lot in Effingham and erected a building upon it valued at $3,000; that he assured her that he had the title to said property conveyed to her and a son and daughter of his; that the title of record shows no title in her; that on August 25, 1896, he deserted her; that he told her then to go to Lostant, Ill., and remain until he should locate in Streator; that on March 25, 1897, she received a letter from her husband in Texas, in which he censured her for coming back to her home in Effingham and directed her to deliver possession of the house to George V. Mechler and the household goods and private library to his son, Hardin Carter; that George V. Mechler pretends to have a mortgage on the office furniture, fixtures, etc., which is a sham, and for the purpose of defrauding her; that she had possession of the office and of its contents and was occupying the house; that said Mechler and Hardin Carter are conspiring together to get possession of the dwelling house and furniture in order to transfer all said property to her husband, James H. Carter; that said Mechler

has sued a writ of replevin to get possession of said office and fixtures and furniture and that the writ is in the hands of the sheriff, etc., and prayed an injunction, which was granted.

George V. Mechler answered, denying all allegations of conspiracy, etc., and alleging that James H. Carter was indebted to him in the sum of $400, and that he had a chattel mortgage on the office furniture, etc., to secure the debt.

It was agreed that the case of Eldorado Mechler v. Clara B. Carter, for forcible entry and detainer of the real estate described in complainant's bill, should be heard with this case.

Hardin Carter answers, denying all charges of conspiracy, etc.

The court found in its decree that on February 3, 1895, James H. Carter bought from Eldorado Mechler, lot 12 in Little's addition to Broughton, now city of Effingham, for $350, for which he gave his note, which is now due and unpaid; that said Eldorado Mechler and her husband made and acknowledged a deed for the same to said James H. Carter, but never delivered it and still hold it; that said James H. Carter, in 1895, erected a dwelling on said lot and made other improvements amounting to $2,500; and with complainant moved into said dwelling, where they resided until he deserted her in August, 1896; that complainant has resided there ever since; that said Eldorado Mechler loaned to said James H. Carter, March 4, 1895, $1,000; March 30, 1895, $500; and May 9, 1895, $300; and took his notes for the same, each note due twelve months after date, at seven per cent interest, which sum so loaned and the purchase price of the lot are still unpaid; that on August 19, 1896, James H. Carter executed his promissory note to said George V. Mechler for $400, with interest, and on the same day executed and delivered to him a chattel mortgage on the goods replevied by Mechler, and that on the day of the desertion of James H. Carter, he, Carter, delivered the possession of said mortgaged goods to said Mechler; that said mortgage

is a valid lien to secure said $400 and. interest, and that there is now due $435.05.

In explanation of the replevin writ referred to it may be said that it is claimed that complainant forcibly took possession of the property in the chattel mortgage which the decree finds to have been in the possession of George V. Mechler, and that he commenced proceedings in replevin to recover possession of the same.

Eldorado Mechler is the wife of George V. Mechler, and he testifies that he attended to the business for her.

Mrs. Mechler testified in substance as to the sale of the lot and the loaning of money to Dr. Carter. Evidence was also given as to the financial condition of Mechler and his wife, including the realization of over $1,000 on building and loan stock in 1895.

In the face of this positive testimony, corroborated by the notes executed by Dr. Carter, we can not say that the finding of the trial judge as to the *bona fide* character of the indebtedness is wrong.

When the chancellor sees and hears the witnesses the error in finding as to fact must be clear and palpable to authorize a reversal. Coari v. Olson, 91 Ill. 277; Long v. Fox, 100 Ill. 43.

Assuming the finding of the chancellor to be correct, there can be no question as to the right of George V. Mechler to a first lien upon the personal property embraced in the chattel mortgage. Complainant urges, as against Eldorado Mechler's lien upon the house and lot, that although the deed was not actually delivered the title passed to James H. Carter when the deed was signed by Mrs. Mechler and her husband and the note of James H. Carter for the purchase money received by them. It is also claimed, the title having in this way vested in James H. Carter, and complainant and her husband having occupied the house as a residence, that she has acquired a homestead which is not subject to a lien for the purchase money nor for the $1,800 loaned by Mrs. Mechler and used in building the house.

Carter v. Carter.

If the title to the lot never passed from Mrs. Mechler to James H. Carter it is clear that complainant never acquired an estate of homestead in it. If the lot was not paid for, it is equally clear that, as against complainant, Mrs. Mechler has a vendor's lien for the purchase money. If the deed was not delivered, and was by agreement not to be delivered until the purchase price and the borrowed money was paid, and to this effect there is uncontradicted testimony in the case, complainant has no claim, legal or equitable, to said property until payment of these sums is made. This is the finding and effect of the decree. When payment is made to Eldorado Mechler of the amount found to be due her, the decree gives to complainant a first lien upon the property to secure her separate maintenance. The same is true as to the personal property mortgaged to George V. Mechler.

The authorities cited by appellant in support of the proposition that title passed to James H. Carter are not pertinent under the facts in evidence in this case. The proposition, as stated by counsel for appellant is, "Mrs. Mechler parted with the title when she accepted the note for purchase money, and she could not recall it."

We do not so understand the law. In Benneson v. Aiken, 102 Ill. 287, it is said, "Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual—that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate—constitutes a sufficient delivery."

The evidence in this case fails to meet these conditions.

Mechler's testimony is: "We didn't take a mortgage on the premises for the reason he didn't want to give a mortgage, for he did not want it known he had to borrow money. I asked him about taking the deed, and he said he didn't want to put the deed on record on account of the Cooper trouble, or give a mortgage, and would leave the deed with my wife until he paid the indebtedness."

This not only fails to show a delivery, but expressly shows

that there was no delivery, and that there was not to be until the indebtedness to Eldorado Mechler was paid.

Finding no error in the record, the judgment of the court is affirmed.