AMELIA CUMMINGS, Plaintiff in Error, *vs.* LOUISA LOHR *et al.* Defendants in Error.

*Opinion filed October 28, 1910.*

1. WILLS—*when widow takes a base fee.* A will devising the testator's real estate to his wife "provided she remains my widow, but should she marry, then all the property shall go to my children that are alive, except one-third of the land, which she is to have during her lifetime," passes to the widow a base fee ·conditioned upon her remaining the testator's widow.

2. SAME—*word "provided" is an apt word to express a condition.* The word "provided," in the clause "provided she remains my widow," is an apt word to express a condition, and will be so construed rather than as meaning "while" unless a different intent appears from the context and an examination of the whole will.

3. SAME—*whether will passes subsequently acquired land is a matter of intention.* Whether a will passes real estate acquired after the execution of the will depends upon the intention of the testator, and unless an intention to dispose of such estate affirmatively appears from the will it will not pass.

4. SAME—*what language shows an intention to devise after-acquired property.* A will giving and ·bequeathing to the testator's wife "all the real estate I may die seized of, being the land I now live on," etc., indicates an intention to devise real estate acquired after the execution of the will, notwithstanding the descriptive words, "being the land I now live on."

5. PARTITION—*there can be no partition of expectancy.* Where the widow has a base fee in land with a limitation over to the children if the widow marries again, the children have a mere expectancy, which cannot be partitioned.

6. REAL PROPERTY—*an expectancy cannot ordinarily become the subject matter of an adjudication by the courts.* While contingent interests or expectancies having no present existence and resting

only in possibility may be the subject of contract, yet they cannot ordinarily become the subject of adjudication by the courts, which deal with substantial interests and not possibilities.

7. SAME—*one having a base fee may convey the same.* One who has a fee in land upon condition that she shall not re-marry may convey such fee, but grantee takes subject to such condition.

8. SPECIFIC PERFORMANCE—*court will not entertain bill to compel conveyance of expectancy.* Courts will not entertain a bill to specifically enforce a contract to convey a mere expectancy until the happening of the contingency which brings the expectant interest into existence.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

R. C. NEFF, for plaintiff in error.

W. B. MCBRIDE, and J. E. HOGAN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Christian Lohr died on July 18, 1887. His wife, Louisa Lohr, and his children, Amelia Cummings, Henry Lohr and August Lohr, survived him. His will, dated July 21, 1871, was admitted to probate. By it, after providing for the payment of his debts, he disposed of his property as follows: "I give and bequeath to Louisa Lohr, my beloved wife, all the real estate that I may die seized of, being the land that I now live on in said township of Locust, Christian county, Illinois, also all my personal property that I may die seized of, provided she remains my widow, but should she marry, then all the property shall go to my children that are alive, except one-third of the land, which she is to have during her lifetime." At the date of the will Christian Lohr owned the farm mentioned in the will, consisting of 160 acres, and no other real estate. He afterward acquired, and owned at his death, 17 acres of other land and some town lots in the village of Owaneco. Louisa

Lohr, after her husband's death, conveyed one-half of the 160-acre farm to August Lohr and the other half to Henry Lohr, who afterwards conveyed his half to his brother August. The plaintiff in error, Amelia Cummings, filed a bill against Louisa Lohr, August Lohr and Henry Lohr for the partition of all the real estate, claiming that the will devised only a life estate to Mrs. Lohr in the 160 acres; that the remainder, subject to such life estate, descended to the children, and that the 17 acres and the town lots, acquired after the date of the will, were intestate property, which descended to the heirs subject to the widow's right of dower, if any. The defendants in error answered the bill, claiming that the will devised all the premises to Louisa Lohr in fee simple. They also set up an agreement between the three children and their mother, pursuant to which they aver that an 80-acre tract adjoining the 160-acre farm was purchased for the plaintiff in error and it was agreed that the brothers should have the farm. A cross-bill was also filed, setting up the same agreement and praying that the respective parties be decreed to execute conveyances according to the rights of the parties. The court found that August Lohr was the owner in fee simple of the 160-acre tract, and that the plaintiff in error, August Lohr and Henry Lohr were tenants in common, in fee simple, of the 17 acres and the town lots, and decreed that the plaintiff in error convey to August Lohr all the interest she once had in the 160 acres and that partition be made of the residue of the property, subject to the dower of Louisa Lohr. The plaintiff in error insists that the court erred in refusing partition of the 160 acres and in decreeing partition of the other lands subject to dower. By cross-errors the defendants insist that the court erred in decreeing partition of any of the premises.

Section 13 of chapter 30 of the Revised Statutes provides that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore nec-

essary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." The estate devised to Louisa Lohr was therefore an estate in fee simple except as limited by the words, "provided she remains my widow, but should she marry, then all the property shall go to my children that are alive, except one-third of the land, which she is to have during her lifetime." Counsel for plaintiff in error has assumed that the word "provided" has the same meaning in the will as the word "while." In our judgment this is erroneous. "While" is merely an adverb expressing duration. "Provided" is an apt word to express a condition. While this is not its fixed and invariable meaning, it will be so taken unless a different intent appears from the context and an examination of the whole instrument. (*Rich* v. *Atwater,* 16 Conn. 419; *Stanley* v. *Colt,* 5 Wall. 166.) The words of the devise are sufficient to pass the fee to the widow, and the proviso merely annexes a condition which converts the fee simple into a conditional or base fee, subject to be terminated by her marriage. Her conveyances of the 160 acres to August and Henry Lohr, and Henry's conveyance to August, therefore vested the fee in the latter, subject, of course, to the conditional limitation over in the event of her marriage.

The question whether a will passes real estate acquired after its execution depends upon the intention of the testator. Unless an intention to dispose of such estate affirmatively appears from the will it will not pass. (*Woman's Union Missionary Society* v. *Mead,* 131 Ill. 338.) Here the testator devised to his wife "all the real estate that I may die seized of." This language shows an intention to devise any property he might acquire after the execution of the will, and we do not regard the words descriptive of the land he then owned as intended to limit the prior devise

of all his real estate. The will gave to the widow a qualified fee in all the land of which the testator died seized, subject to be terminated by her marriage. The plaintiff in error has no present estate in any of the land but only an expectancy. No estate will vest in her except in the event of the marriage of Louisa Lohr. (*Fifer* v. *Allen,* 228 Ill. 507.) There can be no partition of an expectancy, and the bill should therefore have been dismissed.

The cross-bill was filed for the purpose of compelling the plaintiff in error to convey to the defendant in error August Lohr all her interest in the 160 acres. Contingent interests and expectancies, though having no present existence and resting only in possibility, are proper subjects of contract. Contracts concerning such interests, when fairly made upon a sufficient consideration, may be enforced in equity after the subject matter of it has come into existence. (*Hudnall* v. *Ham,* 183 Ill. 486; *Bolin* v. *Bolin,* 245 Ill. 613.) But until the happening of the event upon which the contingency depends brings the subject matter into existence, the party contracting to buy has ordinarily no interest in the property which a court will regard but has a mere right under a contract. (*Ridgeway* v. *Underwood,* 67 Ill. 419.) Such expectancies, uncertain of realization and impossible of valuation, cannot ordinarily become the subject matter for adjudication by the courts, which deal with substantial interests and not possibilities. (*Fifer* v. *Allen, supra; Gannon* v. *Peterson,* 193 Ill. 372.) Plaintiff in error had no present interest in the 160 acres, and never will have any except upon the possible contingency of her mother's marrying in her lifetime. The cross-bill should have been dismissed.

The decree will be reversed and the cause remanded to the circuit court of Christian county, with directions to dismiss the bill and cross-bill at the costs of the plaintiff in error. The plaintiff in error will pay the costs in this court.

*Reversed and remanded, with directions.*