(No. 13117.—Reversed and remanded.)

ANTON NOTH *et al.* Plaintiffs in Error, *vs.* HANNAH NOTH, Defendant in Error.

*Opinion filed April 21, 1920.*

1. PLEADING—*when demurrer is waived.* Where the complainant has demurred to a cross-bill but files an answer thereto without securing a ruling of the court on the demurrer he will be held to have waived the demurrer.

2. WILLS—*intention to limit devise of fee will prevail if clearly shown by other clauses.* If it is clearly shown by other clauses or parts of a will that the testator intended to limit a fee already devised such intention will prevail, and it is immaterial in what part of the will the intention is manifested.

3. SAME—*intention of testator must govern.* The intention of the testator, if not inconsistent with the established rules of law or public policy, must govern in the construction of a will; and this intention is to be gathered from the whole will and all its parts taken together.

4. SAME—*when later clause of will modifies or abrogates former.* A later clause of a will, when repugnant to a former provision, is to be considered as modifying or abrogating the former unless the later clause is in conflict with the general scheme of the testator.

5. SAME—*meaning of words "die without issue" or "die without children."* The words "die without issue" or "die without children" are to be construed in accordance with the intention of the testator where such intention clearly appears in the will, but unless there is a contrary intention shown in the will the words are to be construed as meaning "die without having had issue or children."

6. SAME—*when provision in case of death of devisee without issue creates a base fee.* Where there is a gift of a fee to a devisee with an executory devise over in case he dies without issue the executory devise converts the fee into a base or conditional fee subject to being terminated by the death of the devisee without issue, but upon the birth of issue the executory devise is destroyed and the fee becomes absolute in the devisee.

7. SAME—*restriction upon alienation of a fee is void.* Where a testatrix has devised property in fee to each of her children, a subsequent provision as to each child prohibiting the sale or incumbrance of the property devised until the devisee shall reach the age of fifty years is void as a restriction on the alienation of a fee.

8. PARTITION—*party who has only an expectancy is not entitled to partition.* There can be no partition of an expectancy, and a party so interested in real estate by virtue of an executory devise in a will has no right to partition.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

BURTON & BURTON, for plaintiffs in error.

E. L. MAHER, and EATON, HILES & SIMPSON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error Anton Noth filed his bill of complaint in the circuit court of Madison county for partition of certain lands therein described. Defendant in error, Hannah Noth, answered the bill and filed a cross-bill for a partition of said lands and other lands not described in the complainant's bill, and asked for the construction of certain clauses and provisions of the last will and testament of Anna Maria Noth, deceased. The legal heirs of Anna Maria Noth, and John L. Fechte, executor and trustee under the will, were made defendants.

Anna Maria Noth died testate on February 25, 1916, seized in fee simple and possessed of certain real estate and personal property described in her will. The will devised all of her real estate to her children, subject to the dower rights of her husband, Anton Noth. Noth and his wife were at the time of her death seized and possessed of lot 7, in block 10, Kerr's addition to the city of Venice, as tenants in common, and at that time occupied lot 13 in said · block as their homestead. They also owned as tenants in common certain other property, known as a part of out-lot 35, on Main street, in the city of Venice. The husband renounced the will, and therefore the devise to him by the second clause of the will is not in dispute. The clauses of the will material here are as follows:

"*Fourth*—To my daughter, Hannah Noth, I give, devise and bequeath our home, which is lot numbered thirteen (13), in block numbered ten (10), Kerr's addition to the city of Venice, Illinois, together with all furnishings and furniture in said house at my death, to have and to hold to her and her heirs forever, provided, however, that she shall not sell nor incumber the said property prior to her reaching the age of fifty (50) years. I also give, devise and bequeath to my daughter, Hannah Noth, all my interest in and to lot numbered seven (7), in block numbered ten (10), in Kerr's addition to Venice, Illinois, to have and to hold to her, her heirs and assigns forever, providing, however, that she shall not sell nor incumber the said property prior to her reaching the age of fifty (50) years. My will is that she shall always provide and make a home for my husband. In the event of her, my daughter, Hannah, dying without issue, then the property herein devised and bequeathed shall pass to my surviving children at the time of her death.

"*Fifth*—To my son Christ Noth I give, devise and bequeath lots numbered eighteen (18) and nineteen (19), in block numbered eighteen (18), in Knox & Smith's Second addition to Venice, Illinois, to have and to hold to him, his heirs and assigns forever, provided, however, that he shall not sell nor incumber the said property prior to his reaching the age of fifty (50) years. I also give, devise and bequeath to my son Christ Noth lot numbered six (6), in block numbered ten (10), in Kerr's addition to Venice, Illinois, to have and to hold to him, his heirs and assigns forever, provided, however, that he shall not sell nor incumber the said property prior to his reaching the age of fifty (50) years.

"*Sixth*—To my son Edward Noth I give, devise and bequeath lot numbered five (5), in block numbered ten (10), in Kerr's addition to Venice, Illinois, to have and to hold to him, his heirs and assigns forever, provided, however,

that he shall not sell nor incumber the said property prior to his reaching the age. of fifty (50) years.

"*Seventh*—To my sons, Christ and Edward Noth, I give, devise and bequeath my business and the machinery and outfit and all things in connection with said business, which is the manufacture of soda and mineral water, etc.; and I also give, devise and bequeath to them the building and premises used in said business, which is located on part of out-lot number thirty-five (35), on the west side of Main street, which property I purchased from the Madison County Ferry Company and situate in Venice, Illinois.

"*Ninth*—My will is that my children shall keep the property given to them in good repair, and my will also is that in the event of either of my said children dying without children, that then the property given to my said children shall pass to the survivor or survivors or their heirs."

The tenth clause of the will created a trust of all the moneys, notes, securities, etc., for the benefit of her children, with gift over in case any of the children should die during the term of the trust leaving no children surviving.

Defendant in error, Hannah Noth, answered the original bill of Anton Noth and filed a cross-bill, in which, as amended, she seeks to have the court construe certain clauses of the will and to decree partition of all of the real estate devised by the testatrix. Plaintiffs in error filed a demurrer to the amended cross-bill, but so far as the record shows this demurrer was never pressed and the court seems not to have passed upon it. By plaintiffs in error's answer without securing a ruling of the court on the demurrer they will be held to have waived the demurrer. By their answer, however, they deny the right of Hannah Noth to have partition of any of the property in question except the lot numbered 7, referred to in the original bill.

The chancellor found that the will of Anna Maria Noth is in part ambiguous and uncertain and should be construed by the court. We are of the opinion that while the chan-

cellor erred in some particulars in the construction placed
on the will, he did not err in holding that the will should
be construed. An examination of the will shows certain
restrictions on alienation and limitations imposed on devises
which make a construction of the will essential to a clear
understanding of the rights of the parties.

The chancellor construed the fourth clause of the will
as a devise to Hannah Noth of a base or determinable
fee in lot 13, block 10, Kerr's addition to the city of Ven-
ice, subject to the homestead and dower right of Anton
Noth, and subject also to the executory devise to the sur-
viving brothers, or either of them, in case of the death of
Hannah without issue living at the time of her death. The
chancellor further construed the provision of clause 4 that
Hannah Noth should not sell or incumber said property
prior to her reaching the age of fifty years as a restriction
on alienation of a fee and therefore void and of no effect.
The chancellor omitted, however, to construe said clause as
to the devise of an undivided one-half interest in lot 7 of
block 10 to Hannah. The construction applicable to lot 13
should be applied to the devise of the undivided one-half
of lot 7, except that plaintiff in error Anton Noth has no
homestead interest therein.

The court construed the fifth clause, which devises to
Christ Noth certain property described in the will, as pass-
ing to him a base or determinable fee therein, subject to
the dower of Anton Noth and to an executory devise to
his brother, Edward, and his sister, Hannah, conditioned
upon the death of Christ without leaving issue then living;
also holding that the provision in said clause restricting the
alienation of the fee is void. The chancellor also construed
the sixth clause, by which there is devised to Edward Noth
certain real estate described in said clause, as devising to
him a base or determinable fee in said property, subject
to the dower of Anton Noth, and an executory devise to
Christ and Hannah Noth conditioned upon the death of Ed-

ward without leaving issue then living. This clause also contains the same restriction on alienation which is by the construction of the chancellor declared to be null and void. These two clauses differ from the fourth clause in that they do not contain the provision that in case either devisee dies without issue the property devised shall pass to the surviving children of the testatrix. The will, however, contains the following provision in clause 9: "My will also is that in the event of either of my said children dying without children, that then the property given to my said children shall pass to the survivor or survivors or their heirs." The plaintiffs in error contend that this provision, coming after giving a fee, is void as attempting to cut down the grants contained in the fifth and sixth clauses. The rule is, that where a testator by his will employs language sufficient to pass a fee simple title to land, in the absence of an expression of a clear intention to cut down the fee to a life estate an estate in fee simple will pass. (*Meins* v. *Meins,* 288 Ill. 463; *Bowen* v. *John,* 201 id. 292.) If, however, it is clearly shown by other clauses or parts of the will that the testator intended to limit the fee thus granted such intention will prevail, and it is wholly immaterial in what part of the will such intention is manifested. *Meins* v. *Meins, supra; Rose* v. *Hale,* 185 Ill. 378; *Huffman* v. *Young,* 170 id. 290; *Whitcomb* v. *Rodman,* 156 id. 116; *Giles* v. *Anslow,* 128 id. 187; 2 Jarman on Wills, (5th Am. ed.) 53.

It is a well known rule that the intention of the testator, if not inconsistent with the established rules of law or public policy, must govern. This intention is to be gathered from the whole will and all its parts taken together. A later clause of a will, when repugnant to a former provision, is to be considered as intending to modify or abrogate the former unless such later clause can be seen to be in conflict with the general scheme of the testator. (*Sheridan* v. *Blume,* 290 Ill. 508; *Harris* v. *Fer-*

*guy,* 207 id. 534; *Hamlin* v. *United States Express Co.* 107 id. 443.) It is evident from a consideration of this will that it was the intention of the testatrix to devise the fee to all her real estate to her children, subject to an executory devise over in case' such children die without issue. The terms "issue" and "children" are used synonymously. While expressions such as "die without issue" or "die without children" are to be construed in accordance with the intention of the testator when such intention clearly appears in the will, (*Stafford* v. *Read,* 244 Ill. 138,) yet it is well settled in this State that unless there be a contrary intention shown in the will the words "die without issue" are construed as meaning "if they should die without having had issue or children born to them." (*Kendall* v. *Taylor,* 245 Ill. 617; *Stafford* v. *Read, supra; King* v. *King,* 215 Ill. 100; *Field* v. *Peeples,* 180 id. 376; *Smith* v. *Kimbell,* 153 id. 368; *Voris* v. *Sloan,* 68 id. 588.) This will is devoid of any language expressing a different intention. Under a gift to a devisee in fee with an executory devise over in case he dies without issue, the executory devise is destroyed upon the birth of issue and the. devise to such devisee thereupon becomes a devise in fee absolute. *Kendall* v. *Taylor, supra.*

The words of the devises in the fourth, fifth and sixth clauses are sufficient to pass the fee to these tracts. of land to the children named in said clauses, and the provisos merely annex a condition and convert the fee into a base or conditional fee, subject to being terminated by the death of such children without issue. (*Cummings* v. *Lohr,* 246 Ill. 577.) Under these rules the devises to the daughter, Hannah, and the sons, Christ and Edward, by the fourth, fifth and sixth clauses of the will, passed to said children a base or·determinable fee in the property described in said clauses, subject to the executory devise over for the benefit of the surviving brothers or brother or sister in case either devisee should die without having had children

born to her or to him. The real estate devised in clauses 4, 5 and 6 to the children is subject, also, to the dower right of the plaintiff in error Anton Noth. Lot 13 of block 10 devised by the fourth clause is subject also to the homestead right of Anton Noth. The language in the fourth, fifth and sixth clauses prohibiting the sale or incumbrance of the property devised until the devisees shall reach the age of fifty years is a restriction on the alienation of a fee and is void and of no effect. *Little* v. *Bowman,* 276 Ill. 125.

Clause 7 devises a part of out-lot 35 in Venice to the two sons, Christ and Edward Noth. The evidence shows testatrix owned but one-half of this property, the other half being owned by plaintiff in error Anton Noth. This clause contains no provision in restriction of alienation, and, like clauses 5 and 6, contains no provision creating an executory devise over, but, as we have seen, it is affected by clause 9, as are clauses 5 and 6, so that under the seventh clause of the will the sons, Christ and Edward, took a base or determinable fee to one-half of the property there described, subject to the dower right of Anton Noth and subject also to the executory devise over to the surviving brother and sister in case either of such sons should die without having had issue. Hannah and Edward are unmarried, and whether or not the executory devises over to them shall be destroyed in the lifetime of either depends upon whether he or she has issue. Christ is married and has children. The executory devises in the lands given to him under clauses 5 and 7 are therefore destroyed and he takes a fee absolute in said lands.

The chancellor refused to construe clause 10, relating to the personalty, on the ground that that clause was not involved in the questions presented. Defendant in error has assigned no cross-error on the chancellor's refusal, and the construction of clause 10 is not, therefore, before us.

The circuit court also decreed partition of all of the real estate of which testatrix died seized. The original bill in

this case prayed for a partition of lot 7, in block 10, in Kerr's addition to Venice, only. Defendant in error by her cross-bill asks a partition of not only lot 7, which she owned as tenant in common with her father, subject to his dower right in her one-half, but also lot 13, in block 10, which had been devised to her and which is subject, as we have seen, to the homestead and dower rights of the father. Her cross-bill also asks partition of the real estate devised to her brothers, evidently upon the ground that she has an executory interest in the same, and the court decreed partition to all of said property. This was error. The cross-complainant has no present estate in any of the land except that which was devised to her by her mother's will. No estate in any of the balance of the land devised by her mother will ever vest in her except in the event of the death of Edward without having had children. Her interest in Edward's property, therefore, is an expectancy, merely. There can be no partition of an expectancy, and a party so interested in real estate has no right to have partition thereof. (*Cummings* v. *Lohr, supra.*) The chancellor, therefore, should not have decreed partition of any of the property except lots 7 and 13, in block 10, of Kerr's addition to the city of Venice.

The plaintiff in error Anton Noth contends that the decree of the circuit court should be reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the original bill. In view of the fact that the decree entered on the bill and the cross-bill gave said plaintiff in error all the relief prayed for in the bill and more, he is not in a position to complain of the decree in that regard.

For the reasons herein given, the decree of the circuit court will be reversed and the cause remanded to that court, with directions to enter a decree construing the will and for partition in accordance with the views herein expressed.

*Reversed and remanded, with directions.*