# J. H. Vincent, Appellee, v. Gust Peterson et al. Gust Peterson, Appellant.

## Gen. No. 7,607.

1. MORTGAGES—*sufficiency of evidence to support decree correcting deeds and giving them effect as mortgages.* Evidence on a bill to correct the descriptions in certain deeds, and to have them declared mortgages with a lien prior to certain other deeds, held sufficient to support a decree granting the relief sought.

2. EQUITY—*waiver of demurrer by filing answer before obtaining ruling thereon.* Where a defendant to a bill of equity files an answer thereto, without first securing a ruling of the court upon a demurrer previously filed by him, he will be deemed to have waived the demurrer.

3. TRUSTS—*conveyance to wife of creditor as rendering grantee trustee for husband.* Where instruments conveying certain realty of the grantor were in fact mortgages to secure the payment of an indebtedness of the grantor to the grantee's husband, such grantee held the naked legal title conveyed by such instruments as a mere trustee for her husband.

4. DESCENT AND DISTRIBUTION—*devolution of title of trustee in realty upon death intestate.* Upon the death, intestate, of one holding the naked legal title to realty in trust for her husband, such title descended to her husband and her other heirs at law.

5. MORTGAGES—*proper and necessary party to maintain bill to have deed given effect as mortgage following death intestate of grantee holding naked legal title in trust for husband.* Where following the death, intestate, of one holding the naked legal title to realty by virtue of deeds which were in fact mortgages to secure payment of an indebtedness of the grantor to the husband of the grantee, the heirs at law of the intestate other than the husband conveyed to the husband all of their interest in the property, such husband, being the owner and holder of the indebtedness secured, and being vested with all of the legal title conveyed by the deeds, was the only necessary and proper party to maintain a bill to reform such deeds and to have them declared and given effect as mortgages.

6. MORTGAGES—*propriety of decreeing relief sought by bill to give deeds effect as mortgages and deferring for later hearing issues between defendants raised by cross-bill.* Where a bill in equity sought merely to correct the description in certain deeds,

to have them declared mortgages, and to have the amount of the debt fixed and ordered paid, or in default thereof to have the deeds foreclosed as mortgages, and the defendants by cross-bill asked for an adjustment of the equity of redemption between them, it was proper for the court, on determining the issues raised by the answer and the bill, to decree the relief sought by the complainant, deferring for later hearing the questions raised by the cross-bill.

7. MORTGAGES—*when mortgage foreclosure decree should include provision for immediate sale by master.* In view of Cahill's St. ch. 77, ¶ 16, it was error for the court, in entering a decree for complainant in a mortgage foreclosure suit based upon an instrument dated July 14, 1921, to direct the master to issue a certificate, and at the expiration of 15 months to sell the property, the amended statute effective July 1, 1921, requiring the master to make the sale at once and issue a certificate thereof, and to issue a deed at the expiration of the 15 months.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the June term, 1925. Reversed and remanded with directions. Opinion filed June 19, 1926.

HINCHCLIFF & MILLER, for appellant.

KNIGHT & MOHR and WELSH & WELSH, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellee, J. H. Vincent, filed his bill in the circuit court of Winnebago county against appellant, Gust Peterson, and others, in which he sought to correct the descriptions in certain deeds, to declare the deeds to be mortgages, and to foreclose them as prior liens to certain other deeds. Appellant, Peterson, demurred to the bill, but later filed an answer without the demurrer having been heard. There was a hearing on the bill and answer. The chancellor announced that a decree would be entered in accordance with the prayer of the bill, whereupon Peterson filed a cross-bill, and some evidence was taken thereunder. When it appeared that the litigation under the cross-bill would take considerable time, the chancellor entered

a decree granting the relief under the original bill, retaining jurisdiction to determine the issues under the cross-bill, and an appeal has been prosecuted by Peterson.

The evidence shows that Salem Siffren was the owner of lots 11, 12, and 13, in W. T. Robertson's subdivision of the south half of block 3, of W. T. Robertson's addition to the city of Rockford.  Some time in 1920, he began the construction of a flat building on the east 38 feet of lot 13.  A short time later he began the construction of another flat on lot 12, and the west 12 feet of lot 13, and the east 12 feet of lot 11.  He became involved financially and was unable to proceed with the improvements.  He was indebted to appellee, Vincent, for materials purchased, and on May 6, 1921, made a deed to Ella M. Vincent, the wife of appellee, under the erroneous description of the east 38 feet of lot 13, in block 3, of W. T. Robertson's addition to the city of Rockford.  This deed was in fact a mortgage to secure $2,213.57, due appellee.  On July 17, 1922, Siffren executed to Ella M. Vincent another deed, in which the property was correctly described.  This deed was made to correct the error in the deed dated May 6, 1921.

On July 14, 1921, Siffren executed to Ella M. Vincent a deed in which he conveyed to her, under an erroneous description, lot 12, the west 12 feet of lot 13, and the east 12 feet of lot 11.  The description was "all in block 3, of W. T. Robertson's Addition to the city of Rockford."  This deed was also a mortgage given to secure $3,967.77 due appellee.  On July 17, 1922, Siffren made a correction deed to Ella M. Vincent, in which the land last described was properly described.

On August 3, 1921, Siffren made a warranty deed conveying to Peterson lots 11, 12, and 13.  This deed erroneously described the lots as being "in Block 3, in W. T. Robertson's Addition to the city of Rock-

ford.'' Peterson went into possession of all of the property, or at least a part of it, collected rents, paid taxes, made improvements, and assumed indebtedness created by Siffren, which would have been a lien on the property.

Ella M. Vincent died intestate on August 12, 1923, prior to the filing of the bill of complaint herein, leaving her husband, her brother, and a half brother as her only heirs at law. The brother and half brother conveyed to appellee all of their interest in the lots as held by Ella M. Vincent.

It is insisted by appellant that the property was conveyed to Peterson subject only to the deed to Ella M. Vincent, to the east 38 feet of lot 13; that Peterson paid a valuable consideration for the conveyance, and that the court should have so decreed; that the only incumbrance held by Ella M. Vincent, which was prior and paramount to Peterson, was the first mortgage or deed dated May 6, 1921; that at the time Peterson obtained his deeds he had no knowledge of any subsequent deeds; that they were not on record prior to the date of his deed, consequently his deed had priority over the deed of July 14, 1921, and the correction deed of July 17, 1922.

This involves the question of whether or not Peterson at the time of the delivery to him of his deed on August 3, 1921, knew of the execution and delivery to appellee of the deed of July 14, 1921. Peterson admits that he knew that on May 6, 1921, Siffren conveyed to Ella M. Vincent, to secure appellee's indebtedness, the east 38 feet of lot 13, which deed was recorded May 9, 1921, and that it constituted a lien prior to any rights acquired by him under his deed of August 3, 1921. The deed of July 14, 1921, was delivered to Vincent on the day it bears date, but at the request of Siffren, in order that a first mortgage on the lots conveyed might be cleared up, it was temporarily withheld from record and was not recorded

until September 14, 1921. On August 3, 1921, Siffren conveyed to Peterson, and the deed was filed for record September 9, 1921. At the request of Siffren, Peterson delivered to Siffren at the time this deed was given, and as a part of the same transaction, the following which was in the handwriting of Peterson:

"Rockford, Illinois, August 3, 1921.

"I do hereby agree with Salem Siffren that I shall not record deed given to me on Saturday 11-13-13, Block 3, W. T. Robertson's Addition to the city of Rockford, until a former deed given not now recovered (recorded) to Siffren, or will at which time a settlems A. R. to be made. Gust A. Peterson."

There is nothing in the record which would justify Peterson in claiming that on account of the mistake in the Vincent deeds he had no legal notice of what these deeds or either of them covered, or intended to convey. A similar mistake in description was contained in all the deeds, including the two to Vincent, and the one to Peterson. The memoranda written by Peterson contains the same mistake. Peterson took this property under the mistaken description. He had full knowledge of the existence of the deed of July 14, 1921, to Vincent, and the purpose and intent of it, before Siffren gave him the deed of August 3, 1921. This appears from the testimony of Siffren and his wife, by the written memoranda signed by appellant, and by some parts of appellant's own testimony. The only evidence to the contrary is the statement of Peterson himself. Appellee testified that he had a talk with Peterson and the latter admitted the existence of the Vincent liens and promised to pay the indebtedness, or secure money to pay them. The written memoranda did and could refer only to the deed of July 14, 1921. The chancellor was not in error in holding that both deeds to appellee were prior to the deed to Peterson.

It is urged that the court should have sustained the demurrer of Peterson to the bill because Ella M. Vincent had died before the suit was commenced; that letters of administration had been issued upon her estate; that the administration on her estate had not been terminated; that the payment of the debts claimed to be due to Vincent would not bar the administrator from later demanding and recovering the same debts.

Where a defendant to a bill in equity files an answer thereto, without securing a ruling of the court on his demurrer which he has previously filed, he will be held to have waived the demurrer. *Noth v. Noth*, 292 Ill. 536; *Long v. Fox*, 100 Ill. 43. By answering a bill after the overruling of a demurrer thereto, the defendant waives the demurrer and cannot assign as error the overruling of the demurrer. In order to preserve the right to assign error on the overruling of a demurrer the party must stand by his demurrer. *Eddy v. Eddy*, 302 Ill. 446; *Baumgartner v. Brandt*, 207 Ill. 345. Under the averments of the bill, the lack of denial in the answer, and under the proofs submitted, all necessary parties were included in the bill.

The original bill was filed November 23, 1923. It alleged that Ella M. Vincent died intestate, August 12, 1923, leaving as her sole heirs at law, her husband, the appellee, her brother, and her half brother. Both the brother and half brother, prior to the filing of the bill, conveyed all their interests in the property to appellee. It was alleged in the bill, not denied in the answer, and established by appellee's evidence, that the two items of indebtedness of Siffren, to secure which two deeds involved in this case were given, were due and belonged to appellee. Under these facts, Ella M. Vincent was a mere trustee holding the naked legal title for the benefit of appellee. Upon her death intestate, the naked legal title passed under the law to her husband and heirs at law. Appellee, at the time the original bill was filed, held the legal title

which passed from Siffren and wife to Ella M. Vincent by these deeds. It necessarily follows that appellee, being the holder and owner of the indebtedness secured, and being vested with all the legal title which passed by these deeds, was the only necessary, or even proper party to file the bill in this case. It is conceded that the deeds were mortgages and therefore the whole title under the two deeds was vested in appellee.

It is insisted that Peterson has not been granted the relief to which he is entitled, namely, that the description of the land as contained in the deed to him should be corrected; that he be decreed to be the owner of the land; that he has a right to have determined at the same time, in the same decree, all rights to the real estate in question; that there was no good reason for postponing the determination of his rights under the cross-bill, and subjecting his property to foreclosure proceedings and sale under the original bill; that unless this decree is reversed he will be required to pay the costs of foreclosure and sale, and in all probabilities his entire equity in the property will be wiped out by reason of the fact that the property will not bring its real value on a sale with the title so incumbered.

The original bill sought merely to have the deeds declared to be mortgages, to have the amount of the debt fixed and ordered paid, and in default thereof to have the deeds foreclosed as mortgages. The bill did not involve a controversy between Peterson and Siffren as to who was the owner of the equity of redemption. The cross-bill was filed by Peterson to determine that question. When the court determined the questions which were raised under the original bill, the court properly entered a decree granting the relief prayed for in the original bill and provided in that decree that appellant and Siffren, without delay proceed to settle their differences under the cross-bill.

In *Handly v. Munsell,* 109 Ill. 365, which was a foreclosure case where there was a dispute between two defendants, the court said: "Complainant in the original bill has not now, and never had, the slightest interest in the litigation between the defendants to his bill, so far as the pleadings disclose, and certainly the law will not require him to wait for the amount of money it is conceded by all parties to be due to him, until their controversy can be adjudicated, which litigation might continue for an indefinite period." The court properly entered a decree upon the original bill and retained jurisdiction to later determine the rights of Peterson under the cross-bill.

The decree provided that the master in chancery should issue a certificate under the deed of July 14, 1921, and that at the expiration of 15 months should make a sale. In this respect the decree was erroneous. Under the law as it existed from July 1, 1917, to July 1, 1921, upon a foreclosure proceeding, it was the duty of the master in chancery to issue a certificate to the mortgagee and at the expiration of 15 months to sell the premises. On July 1, 1921, this law was changed so that the master was required to sell and issue a certificate, and to make a deed at the expiration of 15 months [See Cahill's St. ch. 77, ¶ 16]. This error should be corrected so as not to affect the title to the property. For this reason the decree will be affirmed in all respects except as to this one item, but as to this item it will be reversed and the cause remanded to the trial court, with directions to modify the decree so as to comply, with the provisions of the law which became effective July 1, 1921. It will also be the judgment of this court that the appellants pay the costs of this appeal.

*Reversed and remanded with directions.*