Gerald B. Crandall, Administrator of the Estate of Miles Crandall, Deceased, and F. M. Hamilton, Defendants in Error, v. Lenain H. White, Plaintiff in Error.

Gen. No. 8,849.

Opinion filed November 21, 1934.

B. A. KNIGHT, for plaintiff in error.

SMITH, MENZIMER & SMITH, FLOYD J. TILTON and JOHN B. HAYES, for defendants in error; LISLE W. MENZIMER, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Plaintiff in error prosecutes this writ of error from the circuit court of Ogle county, granting a foreclosure decree against certain land owned by plaintiff in error. No controversy exists as to the indebtedness for which the mortgage and notes were executed, nor the execution of said notes and mortgage. The decree was entered August 16, 1932. This writ of error was sued out August 15, 1934.

The defense interposed by plaintiff in error to the foreclosure proceeding in the trial court was that he was not seized with the property mortgaged at the

time it was mortgaged, in such manner as to be able to make a valid mortgage. He urged that by virtue of a provision of his father's will placing a restraint upon the right of alienation of said lands, he was thereby precluded from placing a valid incumbrance upon the premises.

Plaintiff in error became seized of the lands in question by virtue of a devise thereof in his father's will. The pertinent portion of said will under which plaintiff in error interposes his defense to this foreclosure suit is contained in a codicil thereto, and consists of the following words: "I further direct that no sale be made of my real estate by those taking the same herein until after the lapse of five years from the date of the demise of my said wife, except that the sale and purchase be made among those who take the same herein." The mortgage was given during the prohibitive period.

The testator made a devise of the land involved herein, in fee simple to plaintiff in error, by the third paragraph of his will. This is conceded by plaintiff in error. On page 1 of his reply brief, he makes the statement: "It may be conceded that the will in question does devise a fee to plaintiff in error." Therefore, the only question before this court is whether the trial court erred in granting a foreclosure decree under the terms of the mortgage.

The fee title to land carries with it the inherent power to alienate, and after a devise of land in fee by a testator to a child, a subsequent provision prohibiting the sale or incumbrance of the property devised is void. *Noth v. Noth,* 292 Ill. 536; *Davis v. Hutchinson,* 282 Ill. 523; *McNamara v. McNamara,* 293 Ill. 54; *Gray v. Shinn,* 293 Ill. 573; *Muhlke v. Tiedemann,* 177 Ill. 606; *Jones v. Port Huron Engine & Thresher Co.,* 171 Ill. 501; Tiffany Real Property, vol. 1, page 52; vol. 3, page 2306; Restraints on the Alienation of Property, Gray, p. 91 *et seq.* The above ques-

tion is so well settled that we do not consider any discussion thereof necessary.

We have examined and considered the other contentions urged by plaintiff in error, and do not find wherein the trial court committed error.

The decree of the trial court is affirmed.

*Decree affirmed.*