### FLOYD *v.* SMITH.

1. WILLS—PRECATORY TRUST.

    Provision of codicil of will, stating that testator desired to create and bequeath a fund of certain named properties, to be divided in part among named churches and balance to be used toward construction of a new hospital as a memorial to himself and wife, constituted a testamentary disposition of property creating a precatory trust.

2. JUDGMENT—PARTIES.

    Parties not before a court cannot be charged with the results achieved in a particular case.

3. APPEAL AND ERROR—CHANCERY CASES HEARD DE NOVO.

    On appeal, the Supreme Court hears a chancery case *de novo*.

4. TRUSTS—CHARITY—INDEFINITENESS OR UNCERTAINTY OF OBJECT OR BENEFICIARY.

    The bequest of a fund to be used toward the construction of a hospital for a city is a bequest for charitable or benevolent uses, hence would not be invalid by reason of indefiniteness or uncertainty of object of the trust or of persons designated as beneficiaries thereunder (3 Comp. Laws 1929, §§ 13512, 13513).

5. SAME—CHARITY—STATUTES—CONSTRUCTION OF TRUSTS.

    When a bequest to charitable or benevolent uses fails to name a trustee, the trust vests in court of chancery to be executed by a trustee appointed by the court which shall have jurisdiction over such gift and the trust liberally construed so as to carry out intentions of the creator wherever possible (3 Comp. Laws 1929, §§ 13512, 13513).

6. SAME—CONVERSION OF REALTY INTO PERSONALTY.

    Direction in will to convert realty of estate into personalty as soon as practicable after testator's death constituted trust estate one of personalty.

---

Effect of judgment on persons not parties, see Restatement, Judgments, § 93.

That charitable trust will not fail for want of a trustee, see 2 Restatement, Trusts, § 397.

Trust to establish or maintain a hospital as a charitable trust, see 2 Restatement, Trusts, § 372, comment a.

Validity of a charitable trust where it is impracticable to carry out particular charitable purpose, see 2 Restatement, Trusts, § 399.

(137)

7. PERPETUITIES—STATUTES—REALTY.

The statutory rule against suspension of power of alienation relates solely to real estate and is inapplicable to trust of personalty (3 Comp. Laws 1929, § 12934).

8. SAME—COMMON LAW.

The common-law rule against perpetuities requires that an interest in personalty vest within 21 years after some life or lives in being at the creation of the interest.

9. SAME—LIMITATION UPON DEATH OF SURVIVOR OF SEVERAL PERSONS CONSTITUTES LIMITATION FOR ONE LIFE.

Limitation of interest in trust devise of personalty that upon death of certain named persons then in being who were beneficiaries of fund income, principal should be distributed among the then-living issue of such persons, such issue to take by right of representation, does not violate the rule against perpetuities since all beneficiaries of the trust fund prior to its designated final distribution were in being and are to be counted as one life, ending only at death of last survivor; the increase, if any, in number of children of a party sharing in income having no bearing upon the time of final distribution.

10. WILLS—CODICIL—INCOME—PRINCIPAL—CHANGE OF BEQUEST.

Under provision of codicil that bequest in designated paragraph in will to a named individual was thereby bequeathed to his children, where· bequest consisted of income to the named individual and upon death of survivor of such person and three other named persons, principal was to be distributed to the then-living issue of the four persons, codicil merely changed bequest of income; hence decree granting such person's share to his four children, naming them, was not in accord with separate specific bequests made of income and principal in will and codicil.

11. COSTS—MODIFICATION OF DECREE.

No costs are allowed on appeal in suit for construction of a will where a substantial modification of decree below is ordered.

Appeal from Lapeer; Bishop (Clifford A.), J., presiding. Submitted April 9, 1942. (Docket No. 51, Calendar No. 41,808.) Decided October 6, 1942.

Bill by Alfred Floyd and others against Grace Floyd Smith, Nettie M. Smith, Glenn L. Hollenbeck,

Lapeer Probate Judge, First National Bank of La-
peer, The Lapeer Savings Bank of Lapeer, First
Presbyterian Church of Lapeer, Methodist Episco-
pal Church of Lapeer, Methodist Protestant Church
of Lapeer, and others to have a will construed and
for other relief. From decree rendered, plaintiffs
appeal. Modified and affirmed.

*Floyd T. Fuss,* for plaintiffs.

*John G. Libbers,* for defendants First National
Bank of Lapeer, executor, and First Presbyterian
Church.

*Isabel D. Hannah,* for defendants Methodist Epis-
copal Church of Lapeer and Methodist Protestant
Church of Lapeer.

*Thomas C. Taylor,* for defendant City of Lapeer.

BOYLES, J.    Charles W. Smith, of Lapeer, on Au-
gust 3, 1932, executed his will, and in January, 1933,
May, 1936, and October, 1937, executed codicils. He
died August 11, 1939, leaving surviving him as heirs-
at-law his wife and several adult children of two
deceased sisters. May 14, 1940, plaintiffs, who are
nephews and nieces of the deceased, filed the bill
herein to have the provisions of the will construed,
alleging that one codicil did not create a precatory
trust, and that the will and another codicil violated
the rule against perpetuities and was, therefore,
void. Plaintiffs claim that parts of the estate be-
came intestate property to which they are entitled
as heirs-at-law.

The case was heard upon stipulated facts, and the
court held the provisions of the will and codicils
valid except in one particular later mentioned. On

appeal, plaintiffs claim that the third codicil of the will is void because it did not create a precatory trust. That codicil, executed October 29, 1937, provided:

"I desire to create and bequeath a fund of the following named properties which now consist of:

"1.   A mortgage of $12,000 against the Lapeer Golf Club Association with interest at 5 per cent.

"2.   A mortgage of $7,000 against the farm of Samuel Taylor, Elba Township, with interest at 5 per cent.

"3.   A mortgage of $1,800 against property of Frank Laughlin, Bronson Lake, with interest at 7 per cent.

"4. A mortgage of $1,700 against the property of Harold Teachout, Park street, Lapeer, with interest at 5 per cent.

"5.   A mortgage of $2,850 against the property of Howard Chapel in Lapeer city, with interest at 6 per cent., joint.

"6.   A deed to property at Reese, Michigan, valued at $12,000 now occupied by Clifford L. Hulbert with a garage and living quarters.

"This fund amounting now to $37,350 will then be divided as follows:

"To the First Presbyterian Church, Lapeer, $4,000.

"To the Methodist Episcopal Church, Lapeer, $4,000.

"To the Methodist Protestant Church, Lapeer, $4,000.

"The balance of this fund is to be used toward the construction of a new fireproof hospital for Lapeer city as a memorial to myself and wife, Mrs. Nettie H. Smith, rather, Mr. and Mrs. Charles W. Smith."

Appellants claim this statement in the third codicil, "I desire to create and bequeath a fund," was

not a direction but merely an expression of hope or future desire. We hold it was a testamentary disposition of property, creating a precatory trust.

The items specified in the third codicil were appraised at $24,425, the estate was appraised at $87,156, and there were substantially no debts. With reference to the third codicil, the court found:

"That the last portion of this codicil, that is, the attempt to create a trust fund, is too indefinite, and is not a valid trust, and for that reason the portion of the property set forth in said codicil not necessary to pay the three churches the $4,000 bequest each, should be returned and become a corpus of part of the estate, and be distributed under the will; * * * and if there is more than sufficient property in the six items mentioned in the codicil to pay these three bequests, that the balance of the same, or the residuary part of it should become a part of the corpus of the estate."

So far as the record before us discloses, Lapeer city was not made a party to this case, nor was anyone made a party on behalf of the fund created by this codicil to be used toward the construction of a hospital for Lapeer city. No appearance has been entered by or on behalf of anyone interested in this fund although the prosecuting attorney of the county, acting also as city attorney, has filed a brief in this court. We do not overlook the fact that no appeal has been taken by anyone on behalf of the hospital fund, but parties not before the court cannot be charged with the results. Notwithstanding this situation, the court below, in its opinion, in referring to that part of the third codicil creating a fund for the construction of a hospital, found this gift void because it was too indefi-

nite. The decree entered, after providing that each of the three mentioned churches should be paid $4,000 under the provisions of this codicil, further states:

"That the provision, to-wit:

" 'The balance of this fund is to be used toward the construction of a new fireproof hospital for Lapeer city as a memorial to myself and wife, Mrs. Nettie M. Smith, rather, Mr. and Mrs. Charles W. Smith.'

contained in said codicil three is void, for the reason that it is too indefinite and is not a valid legacy, and does not create a valid trust."

This being a chancery case which we hear *de novo,* we hold that this provision of the decree cannot stand. The bequest of a fund to be used toward the construction of a hospital for Lapeer city is a request for charitable or benevolent uses. By statute (3 Comp. Laws 1929, §§ 13512, 13513 [Stat. Ann. §§ 26.1191, 26.1192]), no gift, grant, bequest or devise, whether in trust or otherwise, to charitable or benevolent uses shall be invalid by reason of the indefiniteness or uncertainty of the object of such trust or of the persons designated as the beneficiaries thereunder. If the instrument creating such a gift does not name a trustee, the statute provides that the trust shall vest in the court of chancery and shall be executed by some trustee appointed for that purpose by or under the direction of the court, that the court of chancery shall have jurisdiction and control over the gift, and that such a trust shall be liberally construed so that the intentions of the creator shall be carried out whenever possible. Trusts of a like nature have been upheld by this court in *Re Brown's Estate,* 198 Mich. 544, and

*Scudder* v. *Security Trust Co.,* 238 Mich. 318. The decree must provide that the third codicil be considered valid in its entirety and, if necessary, be administered in accordance with the statute.

The widow elected to take under the will. The Lapeer Savings Bank declined the appointment stated in the will, and under the first codicil the First National Bank of Lapeer, Michigan, was nominated and appointed executor, with the same powers as were given the Lapeer Savings Bank in the will.

The will makes specific bequests of designated personal property to his widow and bequeathes and devises all the rest, residue and remainder of his estate to the Lapeer Savings Bank, in trust, with full power to take, have and dispose of, in trust, and, out of the principal of the trust, set apart and hold as a separate fund properties or securities of a fair value of $100,000 and pay the net income therefrom to his widow in monthly instalments during her lifetime. The will (pt. 4, par. 4, § [b]) provides:

"One-half of the remainder of the trust estate shall be held in trust during the lives of the children of my sister, Winnie Smith Floyd, viz.; Grace Floyd Smith, Charles Floyd, Alfred Floyd, Harold Floyd, and of the last survivor of them and the net income therefrom shall be paid in as nearly as practicable equal monthly instalments to said children of Winnie Smith Floyd so long as they shall live, in equal shares to the others named in this item (b), who shall be living at the time of each such monthly distribution of income, or if any of said named persons shall have died, leaving issue surviving at the time of such monthly distribution, such issue so surviving shall take by representation the share of such income such named deceased person would have taken if living. Upon the death of the last survivor of the persons named in this item (b), the principal shall be distributed among the issue then living of

the persons so named in this item (b), such issue taking by right of representation.''

Plaintiffs claim that the above-quoted provision (section [b]) violates the rule against perpetuities.

The will directs that:

''Any real estate constituting a part of my estate at the time of my death shall be sold and converted into personalty at the earliest time practicable after my death without undue sacrifice of the true value thereof, to the end that the trust by this will created shall be solely a trust of personalty and subject to the rules applicable thereto only.''

This mandate constituted the trust estate one of personalty. *Michigan Trust Co.* v. *Baker,* 226 Mich. 72.

The statutory rule against suspending the power of alienation* relates solely to real estate and is inapplicable, but appellants invoke the common-law rule against perpetuities as to personal property requiring an interest to vest within 21 years after some life or lives in being at the creation of the interest. After the provision caring for his widow during her lifetime, the will named certain nephews and nieces, all then in being, beneficiaries of the income from the fund. Upon the death of the last survivor of the persons thus named, the will provides the principal shall be distributed among their issue then living, such issue taking by right of representation. This does not violate the rule against perpetuities. All beneficiaries of the trust fund prior to its designated final distribution were persons in being, and are to be counted as one life, ending only at the death of the last survivor. Increase, if any, in number of children of Charles

---

* See 3 Comp. Laws 1929, § 12934 (Stat. Ann. § 26.14).—RE-PORTER.

Floyd will not have any bearing upon the *time* of final distribution.

The concluding paragraph of the decree entered below is as follows:

"It is further ordered, adjudged and decreed that the portion of said trust fund bequeathed to Charles Floyd, and his issue, is bequeathed to Charles Floyd, Jr., Jacqueline Floyd, Patricia Floyd and Marylyn Floyd, share and share alike, and subdivision b of paragraph four of part four of said will is so construed."

This provision in the decree affects future rights under the will and may affect rights of beneficiaries who are not now before the court. Inadvertently or otherwise, it is not in accord with the provisions of the will and the second codicil. The second codicil bequeathes to Charles Floyd the sum of $5 in lieu of the share previously specified, and provides:

"His share of my estate as specified in section (b) of my will, I do hereby bequeath to his children, share and share alike."

We must look to section (b) of the will to ascertain what share of the estate is thus given to the children of Charles Floyd by this codicil. Section (b) gave Charles Floyd a share in the *income* of a certain portion of the trust estate created in paragraph four of part four of the will. By this codicil, Charles Floyd's share, *consisting of income only,* was bequeathed to his children instead of to him. Under this codicil, this income goes to his children. The codicil does not give the children of Charles Floyd any interest in the principal of the estate. This is plainly apparent from the wording of section (b) which directs that the net *income* from the trust under section (b) "shall be paid in as nearly as practicable equal monthly instalments to said chil-

dren of Winnie Smith Floyd so long as they shall live, in equal shares to the others named in this item (b), who shall be living at the time of each such monthly distribution of income, or if any of said named persons shall have died, leaving issue surviving at the time of such monthly distribution, such issue so surviving shall take by representation the share of such income such named deceased person would have taken if living.''

This distribution of income will be terminated at the death of the last survivor of the four persons designated by name in section (b), whereupon section (b) further provides: .

''Upon the death of the last survivor of the persons named in this item (b), the *principal* shall be distributed among the *issue then living* of the persons so named in this item. (b), such issue taking by right of representation.''

Obviously it is not possible now to determine with finality the individuals who will receive the corpus of the trust under section (b) of the will. This question can be determined only at the time of the death of the last survivor of the four persons named in section (b), because the principal is given to the *issue then living* of the persons so named. Notwithstanding this, the concluding paragraph of the decree directs that the portion of said trust fund bequeathed to Charles Floyd *and his issue* is bequeathed to the four certain individuals, naming them, who are now the four presently living children of Charles Floyd. This does not accord with the will and codicil. In lieu of this paragraph in the decree, one should be inserted to provide that the share of the net income given to Charles Floyd from the trust fund under section (b) shall belong to and be distributed to his children in accordance with said

section (b), and that upon the death of the last survivor of the four persons named in said section (b) the principal of said trust fund shall be distributed among the issue then living of the persons so named in said section, such issue taking by right of representation.

A decree may be entered in accordance herewith. In view of the substantial modification of the decree, no costs will be awarded.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.