(No. 10955.)

BLANCHE E. LITTLE *et al.* Appellants, *vs.* SARAH A. BOWMAN *et al.* Appellees.

*Opinion filed December 21, 1916.*

1. WILLS—*chancellor is presumed to have disregarded incompetent evidence in construing a will.* It is presumed that a chancellor in construing a will disregarded incompetent evidence which was heard subject to objection, and although his conclusion conforms to incompetent testimony as to the testator's intention, derived from his declarations which were inadmissible, the presumption is that such testimony was disregarded.

2. SAME—*a testator's intention, if capable of being ascertained, will be given effect if not in violation of law.* In finding the intention of a testator much allowance is made for the ignorance of persons who write wills and are unskillful and imperfectly acquainted with the accurate meaning of language, and if the intention can be ascertained from a consideration of the will in the light of the surrounding circumstances, without resort to the declarations of the testator, such intention will be given effect if not contrary to a rule of law.

3. SAME—*when attempt to express intention must be regarded as abortive and the disposition void.* If the court is unable to determine from the language used in the will, in the light of surrounding circumstances, what the testator intended, his effort to express an intention must be regarded as abortive and the attempted disposition of his property as void.

4. SAME—*when valid portion of will may be sustained although. the rest is invalid.* Where there are invalid provisions in a will but the valid and invalid parts may be separated the will may be sustained in so far as it is valid, provided the general intent of the testator is not defeated thereby.

5. SAME—*a limitation repugnant to the estate devised is void.* A clause in a will limiting or qualifying a fee simple estate devised in a preceding clause by attempting to restrain the devisee from alienating the estate is repugnant to the interest devised and is void, but the devise of the estate will be sustained.

6. SAME—*language qualifying a fee simple previously devised must be clear and unequivocal.* Where a fee simple estate is devised by will it may be reduced, qualified or cut down by subsequent language used in the will, but the language relied upon for that purpose must be clear and unequivocal.

7. SAME—*when subsequent language qualifying the fee devised will be rejected.* Where a testator devises an estate in fee to his two daughters with subsequent language attempting to qualify the estate as to one, but the court is unable to determine as to which one the qualification was intended or what the intention of the testator was with reference to limiting or cutting down the estate devised, the attempted qualification will be disregarded and the two daughters will take the absolute fee.

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

J. T. & S. R. KENWORTHY, for appellants.

JACKSON, HURST & STAFFORD, and OAKLEAF & OAKLEAF, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This appeal is from a decree of the circuit court of Rock Island county construing the will of Edward H. Bowman in a suit brought for that purpose by the appellants, Blanche E. Little and her two children, Alice T. Johnson and Andrew W. Little, against the appellees, Sarah A. Bowman and Edward M. Rogers, owner of a mortgage made by her.

The testator, Edward H. Bowman, died on November 30, 1893, and by his will, after stating that he was moved thereto by just regard for the future welfare, peace and comfort of his wife and their two daughters, provided as follows:

"I hereby bequeath to my wife Elizabeth Ann (all my estate real and personal) to have and to hold with all the rents, fees and profits thereof during her life, if she so elects, and (at her decease to be equally divided between our two daughters, Sarah Annette and Blanche Elizabeth.) The real estate called Oakland, containing two hundred and eighty acres, to be appraised, previous to division, by three appraisers to be mutually agreed upon by my two daughters aforesaid. If either of my daughters prefers to live on the place she is to have the privilege of purchasing the other share at the appraisement on such terms, as to the time of payment, as may be mutually agreed. Should my wife so elect during her lifetime (the division may be made at any time) she sees fit, (and I hereby appoint my son Samuel C. Bowman, trustee, to have and to hold the interest of his sister for her benefit and profit during her life and at her decease to be conveyed to the children of his sister Blanche Elizabeth,) and it is expressly stipulated that my daughter Blanche shall not have the right or power to use or alienate any of said real estate or the proceeds if sold, but only to use the rents, issues or profits thereof during her lifetime."

The widow, Elizabeth Ann, made no election concerning the devise to her or a division before her death, and she died on April 2, 1898. The bill alleged the true construction of the will to be that Sarah took no estate in the land devised by the will but only an equitable right to an undivided half of the net income during her life; that the legal title would have vested in the trustee named in the will if he had not refused to accept the trust; that the remainder after the life estate of Sarah vested in the children of

Blanche on the death of the testator; that Blanche took an absolute estate of inheritance in fee simple in one undivided half of the real estate and the attempt of the testator to restrain alienation of the same was void; and that Sarah had no estate in the land that she could mortgage, and the mortgage was a cloud upon the title to the remainder in the children of Blanche. The prayer was that the court should construe the will accordingly, appoint a trustee in place of Samuel C. Bowman, who had refused to accept the trust, and set aside the mortgage as a cloud upon the title. The defendants severally answered the bill, disputing the construction claimed by the complainants and alleging that Sarah acquired title in fee simple to an undivided half of the lands; that the trustee never acquired any title or interest and the mortgage was valid, and that by the terms of the will Blanche was given a life estate, and her children, Alice T. Johnson and Andrew W. Little, were vested with the remainder, subject to her life estate. The chancellor heard the evidence and construed the will as vesting a fee in Sarah in an undivided half of the lands and devising a life estate in the other undivided half to Blanche, with the right only to use the income of the lands, or the proceeds in case of sale, during her lifetime, and with remainder to Alice T. Johnson and Andrew W. Little. The decree sustained the mortgage as a valid lien on the interest of Sarah.

The complainants submitted the will to be construed from the language employed by the testator, who wrote it to give expression to his intention. The defendants offered considerable testimony, to the competency of which frequent objections were made. The chancellor upon each objection admitted the evidence subject to the objection, and after hearing the evidence rejected that which was incompetent. The rulings were in accordance with a practice which is quite common, growing out of the rule of this court that a decree will be affirmed if there is sufficient competent evidence in the record to sustain it, regardless of im-

material or incompetent testimony or the amount of such testimony introduced on a hearing. In this case there was not only testimony that was clearly incompetent under the issues, but it was largely by a witness prohibited by statute from testifying, and the question of the incompetency of the testimony or the witness was not in doubt and required no consideration. The effect of the practice is to incumber the record with improper matter, add materially to the cost of litigation and put an unnecessary burden upon one appealing from the decree. It is presumed that a chancellor in reaching a conclusion disregards incompetent evidence which has been heard subject to objection, and although the construction given to the will in this case conformed to incompetent testimony of the testator's intention, derived from his declarations which were inadmissible, the presumption is that such testimony was disregarded.

In finding the intention of a testator, which is the sole purpose of construction, much allowance is necessarily made for the ignorance of persons who write wills, who are unskillful and imperfectly acquainted with the accurate meaning of language, and if the intention can be ascertained from a consideration of the will in the light of the surrounding circumstances, without resort to the declarations of the testator, such intention will be given effect if not contrary to a rule of law. (*Brownfield* v. *Wilson,* 78 Ill. 467.) If, however, the court is unable to determine from the language used, in the light of surrounding circumstances, what the testator intended, his effort to express an intention must be regarded as abortive and the attempted disposition of his property as void. (40 Cyc. 492.) There may be also a partial invalidity of a will where valid and invalid parts may be separated and the will be sustained in so far as it is valid, provided the general intent of the testator is not defeated thereby. (*Lawrence* v. *Smith,* 163 Ill. 149.) The testator devised to his wife a life estate in the lands if she elected to accept it, with remainder to his

276 — 9

daughters, Sarah and Blanche. He then provided that on the termination of the life estate, or sooner if the widow should so elect, the real estate should be appraised, for the purpose of division, by three appraisers to be mutually agreed upon by the daughters, and if either of the daughters preferred to live on the place she was to have the privilege of purchasing the other share at the appraisement, on such terms as to the time of payment as might be mutually agreed upon. Thus far he gave clear expression to an intention not repugnant to any rule of law. He then attempted by the next clause to limit or qualify in some way the fee simple estates so devised and in one particular violated a rule of law, which made that provision invalid. This was the attempt to restrain his daughter Blanche from alienating the interest given to her, (whatever the interest might be,) and that provision was repugnant to the estate granted and void. (*Henderson* v. *Harness,* 176 Ill. 302; *Hunt* v. *Hawes,* 181 id. 343.) Such an attempted restraint on alienation is uniformly rejected and the devise sustained. The testator appointed his son, Samuel C. Bowman, trustee, to have and to hold the interest of his sister for her benefit and profit during her life and at her decease to be conveyed to the children of his sister Blanche. As he twice used the word "her," there is no ground for assuming that he meant sisters. There were two sisters, and there is no way of determining, either from the will itself or the surrounding circumstances, which sister was intended. The language of the will and the circumstances under which the testator wrote it are just as consistent with one theory as another. He attempted to cut down either the title in fee simple given to Sarah or to Blanche and to vest the title in a trustee, to be conveyed upon the death of one or the other to the children of Blanche. The land was not devised to the trustee and he gave the trustee no duties during the life estate, and so far as that estate in some person whom the testator had in mind is concerned, the trust would be executed by the

Statute of Uses. There was nothing for the trustee to do except to convey after the termination of some life estate. Sarah was unmarried and no longer young, and while it was not legally impossible that she might have children, it was improbable, and from that fact and the provision for a conveyance to the children of Blanche it might be conjectured that he intended to limit or qualify the previous devise to Sarah in order to keep the real estate in the direct line of descent. On the other hand, he attempted to provide that Blanche should have no right or power to use or alienate any of the real estate or proceeds but only the right to the income during her lifetime, from which an inference might be drawn that he referred to her in providing for a trustee and a conveyance to her children. But either conclusion would be the merest conjecture. All that could be done in the way of finding the intention of the testator would be to guess and speculate, with a good prospect of doing a wrong to someone. Where a fee simple estate is devised by will it may be reduced, qualified or cut down by subsequent language used in the will, but the language relied upon for that purpose must be clear and unequivocal. (*Wicker* v. *Ray*, 118 Ill. 472; *Roberts* v. *Roberts*, 140 id. 345; *Fishback* v. *Joesting*, 183 id. 463; *Kohtz* v. *Eldred*, 208 id. 60; *Slick* v. *Brooks*, 253 id. 58.) The court is unable to determine what the intention of the testator was with reference to limiting, qualifying or cutting down the estates granted to his daughters, Blanche and Sarah, and therefore cannot regard the subsequent provision as limiting or qualifying the estates or devises. The necessary conclusion therefore is that the fee simple estate of inheritance was vested by the will in the two daughters.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the above conclusion.        *Reversed and remanded, with directions.*