LAMERE *v.* JACKSON.

1. WILLS—CONSTRUCTION—CONJECTURE—UNCERTAINTY.

In the construction of a will, conjecture is not permitted to supply what the testator has failed to indicate and, where any construction which might be put upon a clause would be the purest speculation or where the clause is unclear or uncertain, his effort to express an intention must be regarded as abortive and the attempted disposition of his property void.

2. SAME—INEFFECTIVE RESIDUARY DISPOSITION—INTESTACY.

Residuary estate passes under the law of intestate succession where attempted disposition thereof is ineffective; while other certain and unambiguous clauses may be allowed to stand.

3. SAME—SPECIFIC LEGACY LIMITING DISTRIBUTION—INEFFECTIVE RESIDUARY CLAUSE—INTESTATE SUCCESSION AMONG REMAINING HEIRS.

Under will specifically limiting amount left to one of deceased's brothers, which will contained an ineffective residuary clause, the residuum is divided among the remaining brothers and sisters of the testator, except that in the case of deceased brothers and sisters, their issue is to take by right of representation (3 Comp. Laws 1929, §§ 13440, 15726).

4. SAME—POWER OF APPOINTMENT—INTESTATE SUCCESSION.

Power of appointment, attempted to be conferred by an ineffective residuary clause, *held,* not to exist where residuum passes by way of intestate succession as restricted by specific clause limiting amount to be given one of the heirs (3 Comp. Laws 1929, §§ 13440, 15726).

5. COSTS—CONSTRUCTION OF WILLS.

No costs are allowed in suit for construction of will where constructions of residuary clause urged by various parties are each rejected and residuum is passed as intestate property (3 Comp. Laws 1929, §§ 13440, 15726).

Appeal from Keweenaw; Stone (John G.), J. Submitted January 11, 1939. (Docket No. 15, Calendar No. 40,204.) Decided March 9, 1939.

Bill by John F. LaMere and others against James E. Jackson, executor of the estate of John H. Jackson, deceased, and others for the construction of a will. From decree rendered, defendants James E. Jackson and Nellie Thorpe appeal and plaintiffs cross-appeal. Modified and affirmed.

*McIntyre & McIntyre (John R. Rood and H. C. Schulte,* of counsel), for plaintiffs.

*Spencer & McCormack,* for defendants.

BUTZEL, C. J. John H. Jackson died January 20, 1937, and his last will and testament, dated October 14, 1919, was probated. It provided for the payment of his debts and funeral expenses and also for the maintenance of a cemetery lot, $1,000 being left to James Jackson to be invested in safe securities and the interest thereon to be expended for masses for the repose of testator's soul after his death. Paragraph 3 provides for the payment of $5 to his brother William, such amount to be in full for any and all bequests that the testator might leave him as a brother and heir. Paragraph 4 of the will causes the present difficulty and we are asked to construe it.

"Fourth. I give, devise, and bequeath unto James E. Jackson, of Mohawk, Michigan, Mrs. Nellie Thorp, and Mrs. Margaret Grosse, both of Detroit, Michigan, all the residue of my estate, of whatever kind and nature that I may die seized or possessed of, it being my intention to convey to them, all of my property of every kind and nature, after the foregoing provisions in paragraphs 1, 2 and 3 have

been provided for, that I may die seized of, those three to apportion my estate amongst my remaining brothers and sisters as they think proper, and in the event that either of the three named should predecease me, that the remaining two take the share of the one who died previous to my death, and in the further event, that two of the three would predecease me, then the survivor to take the share of the other, and to make such division of my estate as they would deem proper.''

Nine brothers and sisters of testator were living at the time of the making of the will. Of these, Phoebe LaMere, Josephine Barney, Elizabeth Gidley, and Margaret Grosse, sisters, and Andrew Jackson, a brother, predeceased him. They all died intestate, each of them leaving issue. Marie Grosse, sole heir at law of Margaret, and the four children of Andrew are not parties to this suit. Testator was survived by his sisters Nellie Thorpe and Tillie Birel and by his brothers James and William. Tillie Birel and William Jackson also are not parties to the suit. The children of Phoebe, Josephine, and Elizabeth are plaintiffs herein and ask a construction of the will.

The court construed the fourth paragraph of the will to mean that the property was to be equally divided among all the brothers and sisters with the exception of William, the heirs of deceased brothers and sisters to take by right of representation, and that the purpose of leaving the property to James, Nellie, and Margaret was to enable them or their survivors to use their discretion in apportioning a particular kind of property to each of the beneficiaries, without impairing the ultimate equality between them. James E. Jackson and Nellie Thorpe here claim that this construction was erroneous and the bill should be dismissed.

The fourth paragraph of this will presents opportunity for a variety of possible interpretations. Appellants, for example, argue in their brief that the property was left absolutely to the three named persons, or the survivors thereof, and that since James E. Jackson and Nellie Thorpe are such survivors, they are entitled unconditionally to the residue of the estate. In the direction to the three named persons to apportion the property as they think proper, appellants find only indefinite and precatory language, creating no rights in the other brothers and sisters among whom the apportionment is to be made. There are, no doubt, arguments pointing in that direction. But under that construction, it should be noted, the heirs of Margaret Grosse would receive nothing, notwithstanding that she was one of the three named beneficiaries in which the testator reposed his confidence.

Appellees urge with force that the fourth paragraph of the will creates a trust for the benefit of the "remaining brothers and sisters." This position is strengthened by comparison of the second paragraph of the will which, in very similar language, and without mentioning the words "trust" or "trustee," obviously creates a trust.

As a further possibility, appellants suggest that a power of appointment was given to the three named persons to exercise among a definite, named class of beneficiaries.

Without attempting to resolve these alternative interpretations, it is clear that in any event we should then be faced with the problem of determining the testator's meaning of apportionment among the "remaining brothers and sisters." Does this phrase necessarily exclude the three persons specifically named in paragraph 4? Or may they be in-

cluded within the apportionment, as the trial court found, by reading "remaining" to refer to all the brothers and sisters in contradistinction to William, who is specifically bequeathed $5 in the preceding paragraph? Which, if any, of the other brothers and sisters did testator intend to disinherit? If apportionment is made, what would be the basis of such distribution? Does it refer simply to the nature of the property to be apportioned equally among the eligible brothers and sisters, or do the three named persons have a right to apportion the shares of the beneficiaries as they see fit? And in the case of deceased brothers and sisters, is apportionment to include or exclude their heirs?

In answer to these questions, counsel for both sides have urged upon us various constructions, not lacking in plausibility. In each we can find some merit, but from none of them can we tell with even reasonable certainty what the testator intended. Any construction which we might put upon paragraph 4 would be the purest speculation. "Conjecture is not permitted to supply what the testator has failed to indicate," *Cope* v. *Cope*, 45 Ohio St. 464, 469 (15 N. E. 206), and in such circumstances, his effort "to express an intention must be regarded as abortive and the attempted disposition of his property void." *Little* v. *Bowman*, 276 Ill. 125 (114 N. E. 519). The same principle has been employed to invalidate testamentary trusts when their purpose is unclear. *Jones* v. *Patterson*, 271 Mo. 1 (195 S. W. 1004, L. R. A. 1917 F, 660) ; *Smith* v. *Heyward*, 115 S. C. 145 (105 S. E. 275). For these reasons we must hold paragraph 4 void for uncertainty.

Testator's attempted disposition being ineffective, the residue of the estate passes under the laws of intestate succession, but the other clauses of the

will, being certain and unambiguous, may be allowed to stand. *State* v. *Holmes,* 115 Mich. 456; *Loomis* v. *Laramie,* 286 Mich. 707. William Jackson, therefore, is limited to the sum of $5 given under paragraph 3 of the will. The residuum will be divided equally among the remaining brothers and sisters of the testator, except that in the case of deceased brothers and sisters, their issue shall take by right of representation. 3 Comp. Laws 1929, § 15726 (Stat. Ann. § 27.2891), and 3 Comp. Laws 1929, § 13440 (Stat. Ann. § 26.981).

The trial judge reached almost the same result, but he found the will certain and thus gave the survivors of the three beneficiaries named in the will the right to make distribution of the particular property as they saw fit. Necessarily, in conformity with this opinion, no such right can now exist.

The decree, therefore, is modified and affirmed. Under the circumstances, none of the parties will recover costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.