## In re FARWELL'S ESTATE.

1. Words and Phrases—Construction.

 A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.

2. Wills—Construction of "Stipend."

 The word "stipend" has no legal significance and its employment in a will does not change the real character of the benefaction.

3. Same—Ambiguities—Intention of Testator.

 In case of an ambiguity in a will, the instrument is examined in its entirety and all relevant facts and circumstances that might explain the ambiguity and ascertain the intention of the testator, but if there is no ambiguity the plain terms of the will must stand.

4. Same—Stipend—Intent—Double Salary.

 Will directing testamentary trustees to continue to pay to employees of limited partnership largely owned by testatrix "monthly allowances or stipends," then being paid them, until

the death of the beneficiaries and making additional specific bequests to three of the high-salaried employees did not, by the use of such term, thereby evidence an intent on part of testatrix to provide for double pay for such employees even though they were friends of testatrix.

5. COSTS—MERGED CASES TREATED AS ONE CASE.

Costs as for one case are allowed where cases for three claimants on similar claims against one estate have been merged.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 8, 1943. (Docket Nos. 20, 21, 22, Calendar Nos. 42,188, 42,189, 42,190.) Decided September 7, 1943.

In the matter of the estate of Emma J. Farwell, deceased. Separate claims filed by Bertha N. Adams and John E. Adams, executrix and executor of the estate of John I. Adams, deceased; Nellie G. Simon, executrix of the estate of Charles Anthony Simon, deceased; and George D. Childs. Claims denied. Plaintiffs appealed to circuit court. Claims denied. Plaintiffs appeal. Affirmed.

*Berry & Stevens,* for plaintiffs Simon and Childs.

*Freud, Markus, Gilbert & Stutz,* for plaintiffs Adams.

*Miller, Canfield, Paddock & Stone* (*Louis H. Fead* and *Lawrence S. King,* of counsel), for defendant.

BUTZEL, J. Bertha N. Adams and John E. Adams, as executrix and executor, respectively, of the last will and testament of John I. Adams, deceased, Nellie G. Simon, as executrix of the last will and testament of Charles Anthony Simon, and George D. Childs filed petitions in the probate court for the county of Wayne, praying that certain sums be paid to them under a trust in which they claim they are

beneficiaries under paragraph 18 of the last will and testament of Emma J. Farwell, deceased. The Adams estate claims an amount equal to the sum of $833.33 per month from September 24, 1931, the date of Emma J. Farwell's death, to February 22, 1937, the date of John I. Adams' death, together with interest at the rate of 5 per cent. per annum. The Simon estate claims an amount equal to $683.33 per month from the date of Mrs. Farwell's death to November 4, 1940, the date of Mr. Simon's death, together with interest. George D. Childs claims an amount equal to $400 per month from the date of Mrs. Farwell's death to the date of the court's order, together with interest, and asks that the trustee be directed to pay him $400 per month thereafter during his lifetime. Unless otherwise indicated, we shall refer to the plaintiffs in the cases as the claimants.

The Farwell Estates, Ltd., was a limited partnership association organized in 1911 and in which Emma J. Farwell through inheritance owned a three-fourths interest. Emma J. Farwell died testate September 24, 1931, and her will was probated in the probate court for the county of Wayne, Michigan. The Detroit Trust Company and Sidney T. Miller and also John I. Adams were appointed executors and subsequently trustees. John I. Adams continued to act as executor and then as trustee until the date of his death. Sidney T. Miller continued to act in like capacity until May, 1940, the date of his death. The Detroit Trust Company is the sole surviving trustee. The partnership association of Farwell Estates, Ltd., was dissolved the year following Mrs. Farwell's death. John I. Adams, Charles A. Simon and George D. Childs were employed in high executive positions by the Farwell Estates, Ltd., Adams as treasurer and member of

the board of managers, Simon as secretary and member of the board of managers. Childs looked after the books of account and assisted in the maintenance, supervision and the leasing of the association's properties. All three continued to work for the executors and trustees after Mrs. Farwell's death. Childs is now employed by defendant Detroit Trust Company and still looks after the Farwell interests. The minute book of the association show that on January 18, 1922, the salary of John I. Adams was fixed at $10,000 per annum payable monthly; that a resolution was adopted January 21, 1925, fixing Mr. Simon's salary at $7,200 per year; that on January 28, 1925, the salary of Mr. Childs was fixed at $3,800 per year. Subsequently, the salaries of Simon and Childs were raised to $8,200 and $4,800 per annum respectively. We call attention to these facts to show that the salaries were fixed at sums certain per annum. These officer-employees were employed not by the month but by the year. Although payments were made each month, they were applied on the salaries fixed for the year. A copy of a ledger page showing Mr. Adams' account is very illuminative. It shows him credited each year for the years 1930, 1931 and 1932, with the sum of $10,000, the amount fixed as salary by the board of managers as his annual salary. During the first 11 months, he was paid and debited with the sum of $833.33 at the end of each month, but in December each year he received the sum of $833.37. The payment of $833.37 instead of $833.33 in December of each year is quite convincing that the monthly payments were never received as monthly pay but on account of the annual salaries. In the agreed statement of facts, it is stated that this ledger sheet is typical of the ledger sheets showing the salary sheets of Adams, Simon and Childs during the en-

tire period of employment by the association. Two exhibits in the record show Mr. Childs' voucher checks paid at the end of the month, which read: "for account salary, year 1930;" another, "on account services year 1931." ·

Mrs. Farwell's last will was drawn by the late Sidney T. Miller of Detroit, an outstanding leader of the bar. Nineteen paragraphs of the will provide legacies for charities, public institutions, friends and dependents. Paragraphs 18 and 19 of the will are as follows:

"Eighteenth: I direct my trustees to continue to pay all monthly allowances or stipends now paid by or through the Farwell Estates office, each being continued until the death of the beneficiary.

"Nineteenth: I give, devise and bequeath to Charles A. Simon, of the office force of Farwell Estates, Limited, the house and lot now occupied by him, the title standing in my name.

"I also give and bequeath to John I. Adams of the same office, the sum of $20,000, and to George D. Childs, the sum of $10,000."

Mr. Adams, Mr. Simon and Mr. Childs were close friends of Mrs. Farwell and she undoubtedly felt most kindly toward them. This is shown by paragraph 19 of the will and other testimony. After Mrs. Farwell's death and the dissolution of the association, they continued to draw approximately the same salaries as theretofore. Claimants filed claims in the probate court. The instant suits were begun after the deaths of Mr. Adams, Mr. Simon and Mr. Miller, the testimony of all of whom might have been of very great value if there were any ambiguity to be explained in the construction of the words "monthly allowances and stipends" in paragraph 18 of the will as before quoted. Correspondence

with Mr. Miller indicates that the use of the word "stipend" was not meant to apply to the salaries of these three employees.

Plaintiffs claimed that they were receiving monthly "stipends" by or through the Farwell Estates' office and that, therefore, under paragraph 18, the trustees must pay such "stipends" during the lifetime of each beneficiary. In other words, they claim that they were not only entitled to the salaries they received from the association and the trustees after the death of Mrs. Farwell but also to like amounts from the trustees of the estate under paragraph 18 of the will. The probate court denied the claims as first presented in 1941. The circuit court, on appeal, likewise denied them. This court on appeal also denies them.

After Mrs. Farwell's death, the executors and trustees of her estate continued to pay monthly sums to friends and dependents who had theretofore received similar sums from Mrs. Farwell or on her account from the Farwell Estates, Ltd. Several names were also added. Some of the parties who continued to receive monthly allowances or "stipends" were also given specific bequests under the will. In paragraph 19, immediately following the provisions of paragraph 18, Messrs. Adams, Simon and Childs each received large specific bequests. Almost all the monthly allowances paid under paragraph 18 to individuals were for comparatively small amounts. The books and accounts were largely kept by claimants, Mr. Adams as treasurer signing the checks. No claim whatsoever is made that during all these years intervening after Mrs. Farwell's death, the janitresses, building superintendent, engineer, watchmen, elevator operators, et cetera, who were hired at a monthly salary, were

entitled to additional pay under paragraph 18 of the will although at the time of Mrs. Farwell's death they were employed by the association.

Plaintiffs claim that the word "stipend" means "a payment" and that, therefore, they are entitled to what would amount to double pay. Possibly the use of the word "stipend" by the scrivener was unfortunate but we believe the use of the word "or" in the words "allowances or stipends" was for the purpose of using a more dignified word than "allowance," but one having the same meaning. The Oxford English dictionary defines the word "stipend," as follows:

"Money payment; wages; alms; * * * pay of a soldier; * * * salary * * * to a clergyman, teacher, or public official * * * pension or allowance."

It is true that in a few cases the word has been held to be interchangeable with salary, compensation or remuneration, et cetera. *Bovard* v. *Ford*, 83 Mo. App. 498; *Mangam* v. *City of Brooklyn*, 98 N. Y. 585 (50 Am. Rep. 705). However, as Mr. Justice Holmes stated in *Towne* v. *Eisner*, 245 U. S. 418 (38 Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918 D, 254):

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

In *Re Klinger's Estate,* 17 Pa. Dist. 126, the court held:

"The word [stipend] has no legal significancy and its employment does not change the real character of the benefaction."

Both Mr. Simon and Mr. Childs inquired into their rights years before the present litigation

arose. In 1932 Mr. Simon was fully advised by his attorney in regard to his claim, and in 1934 Mr. Childs was also counseled by a prominent attorney that the question was not free from doubt and that delay in the presentation thereof would be more discreet and avoid the risk of jeopardizing Childs' position with the trustees.

In case of an ambiguity, we examine a will in its entirety and all relevant facts and circumstances that might explain the ambiguity and ascertain the intention of the testator. If there is no such ambiguity the plain terms of the will must stand. We believe that no such ambiguity exists in the present case, that in providing for monthly allowances or "stipends" testatrix wanted to take care of dependents, friends and organizations in whom she was interested. We do not believe that there was any intention on her part or expression in her will to provide what would amount to double pay for high salaried employees, even though they were friends of hers and for whom she made generous provisions in paragraph 19. Having also come to the conclusion that the "monthly stipend" does not mean the double payment of large annual salaries to claimants, we need not consider the practical construction put upon the will by claimants, laches in presenting the claims and many other facts and documents that further confirm our conclusion.

The judgments of the trial court are affirmed, with costs to defendant. The three cases having been merged, costs will be allowed as if there were only one case.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.