357 Mich. 447 (1959)
98 N.W.2d 604
In re McKAY ESTATE.
EULITT
v.
LITTLE SISTERS OF THE POOR.
Docket No. 46, Calendar No. 47,805.
Supreme Court of Michigan.
Decided October 13, 1959.
Fildew, DeGree, Fleming & Gilbride, for appellant heirs.
Paul V. Rahaley, for beneficiary Little Sisters of the Poor.
Hayes, McEvoy & Owens, for beneficiaries St. Christopher Inn of Graymor, New York, and Mariann Hill Fathers of Ann Arbor Trail, Michigan.
EDWARDS, J.
This is the second time the will of Helen A. McKay has been before this Court. In the first case (In re McKay Estate, 347 Mich 153), this Court held a codicil and a partial revocation invalid because of testatrix' failure to follow statutory requirements and because of the doctrine of dependent relative revocation. The case was then remanded to the probate court for hearing and for construction of the will as originally written.
*449 The pertinent portion of the will follows:
"FIRST, I will and direct that all my just debts and funeral expenses be paid in full.
"SECOND, I give, devise and bequeath Edward G. McCusker of Detroit one dollar For reason known to him and one dollar to Mary Eullitt of Chicago and for same reason. They never bother about me in life. So I remember them in Death.
"I Direct that one thousand dollars be paid for my burail G.R. & R G Harris at 15251 Harper Detroit be the (undertakers) And should I not buy the marker for my Husband Gordon D. McKay and myself During my life time, They are to be bought by my estate and be exact of one's now on lot's 15 and 31. In Woodmere Cemertery. In Sec. N. I also direct that one thousand Dollars or more if required by Woodmere Cemertery at time of my death be paid for perputal care On lots 15 and 31 in Section N. I request I be buried in my grave beside my Husband Gordon D. McKay, and that the (Little Sisters of the Poor Share in my estate With (St. Christper Inn of Graymor N. York.) And (Maryan hill Fathers of Ann Abor trail a mission to be used to edcate Navities priest[*]
"I also request that my Rings or any thing belonging to me or my late husband G.D. McKay is not to be sold to any one known or other Wise concet with us any way business or otherWise. And should Mary Eulitt of Chicago or Edward G. McCusker be not living at the time of my death Their bequest is to pass their heirs their (Children only)"
It should be noted that the words italicized above are a part of a printed form, while the balance is written in testatrix' own hand.
*450 No testimony was offered before the probate judge and he construed its provisions from the instrument alone:
"It is ordered, adjudged and decreed that the intention of testatrix, based upon all of the provisions of the will, was that the residue of her estate was devised and bequeathed, in equal shares, to Little Sisters of the Poor, St. Christopher Inn of Graymoor, New York, and to Maryann Hill Fathers of Ann Arbor Trail, and the will is construed accordingly."
On appeal this construction was upheld by the circuit court and the heirs-at-law now appeal from that decision. They argue (1) that the validity of the disputed clause pertaining to the 3 charities cannot be determined by reference to the language by which testatrix sought to disinherit the appellants; (2) that the words "I request" in said clause are purely precatory and ineffective to constitute a bequest; and (3) that the words "Share in my estate with" are too ambiguous both as to subject and apportionment of the bequest to constitute a valid bequest.
We agree that the strong language of the disinheritance clause does not determine this case. If the will fails in whole or part, the legal heirs take by law of intestacy even against the expressed opposition of the testatrix. Southgate v. Karp, 154 Mich 697; In re Weinaker's Will, 113 NYS2d 334; Lawes v. Lynch, 7 NJ Super 584 (72 A2d 414).
There is, however, a strong presumption against intestacy. Mann v. Hyde, 71 Mich 278; Foster v. Stevens, 146 Mich 131.
The cardinal rule of construction of a will is to give effect to the intention of the testator if the intention was expressed. In re Darmstaetter's Estate, 293 Mich 596; In re Lawton Estate, 347 Mich *451 143; Detroit Wabeek Bank & Trust Co. v. City of Adrian, 349 Mich 136.
The most difficult problem lies in the words "I request." They are not ordinarily understood as words of command, and on occasion this Court has held them insufficient to constitute a bequest. Hollway v. Atherton, 205 Mich 129; In re Stuart's Estate, 274 Mich 282. In both of these cases, however, the "request" was directed to a beneficiary and not, as here, to the executor. And in both, the Court dealt with a much more literate will.
On the other hand, precatory words may be treated as mandatory if such an intent is manifest. Gilchrist v. Corliss, 155 Mich 126 (130 Am St Rep 568); Floyd v. Smith, 303 Mich 137.
See, also, Trustees of Hillsdale College v. Wood, 145 Mich 257.
To ascertain the intention of testatrix, we look at the whole will. In re Farwell's Estate, 306 Mich 208. It is easy to observe, as the circuit judge pointed out, that testatrix was poorly schooled in spelling and grammar and had little knowledge of the legal effect of words. To find her intent, we look to the use of words as she employed them in her will.
"The will itself is a dictionary from which the meaning of the words used in it is to be ascertained." Grace v. Thompson (Continental Trust Co.), 169 Md 653, 657 (182 A 573, 575; 103 ALR 589, 592).
If there is one topic on which the testator ordinarily "directs" disposition, it is the place of his own burial. Yet testatrix' language was:
"I request I be buried in my grave beside my Husband Gordon D. McKay, and that the (Little Sisters of the Poor Share in my estate With (St. Christper Inn of Graymor N. York.) And Maryan *452 hill Fathers of Ann Abor trail a mission to be used to edcate Navities priest"
Taking the will as a whole, we believe that the quoted phrase was intended as a direction.
As to the last of the questions posed, again taking the will as a whole, we have little difficulty holding that the intention of the testatrix was to leave the residue of her estate to the 3 charities, share and share alike. We find the residuary feature in the general nature of the clause "share in my estate," when compared to the specific quality of all the other devises.
It seems to us only logical construction also to hold that where 3 charities are mentioned in immediate sequence in the same clause with the words "share in my estate" applicable to all, that the sharing was meant to be equal.
Affirmed. Costs to appellees.
DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.
NOTES
[*] Grammatical construction and variance in spelling have previously been subject of footnotes. 347 Mich 155, 156. The above version from the photostatic copy of the will follows, as closely as possible, the spelling, capitalization and punctuation of the testatrix.  REPORTER.