*In re* BROWN ESTATE.

CONLON *v.* DOUGLAS.

1. WILLS—DEATH OF DEVISEE—LAPSED LEGACY.
   The death of a devisee under a will prior to the death of the testator causes the specific bequest to lapse.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 1425.
[2, 4] 57 Am Jur, Wills § 1446.
   Testator's intention as defeating operation of antilapse statute. 63 ALR2d 1172.
[3] 14 Am Jur, Courts § 65.

2. DESCENT AND DISTRIBUTION—WILLS—RESIDUUM—LAPSED LEGACY —OVERRULED CASES.

Daughter of sister of testatrix is eligible as an heir under the statute of descent and distribution to a portion of the residuum of the estate, notwithstanding language in the will barring her from receiving anything else than specific bequest to her, where will contained no residuary clause, and a legacy lapsed by reason of death of legatee prior to death of testatrix as the statute empowering a testator to dispose of property by will does not convey the power to disinherit as to intestate property or amend the statute of descent and distribution, overruling *LaMere v. Jackson*, 288 Mich 99 (CL 1948, §§ 702.1, 702.80; CLS 1956, § 702.93).

3. COURTS—STARE DECISIS—DESCENT AND DISTRIBUTION.

The doctrine of *stare decisis* should be applied in the area of the law pertaining to the descent of property where stability of the law has peculiar value.

4. WILLS—ABSENCE OF RESIDUARY CLAUSE—LAPSED LEGACY—INTENT.

Permitting niece of testatrix to participate in residuum of her estate notwithstanding provision of will that she was not to receive anything else was not necessarily a result in conflict with intention of testatrix, where after will was executed death eliminated one of the devisees, causing legacy to lapse, and will contained no residuary clause, thereby changing conditions existing at time will was executed.

Appeal from Midland; Holbrook (Donald E.), J. Submitted October 5, 1960. (Docket No. 26, Calendar No. 48,653.) Decided December 2, 1960.

In the matter of the estate of Emma G. Brown, deceased. On petition for construction of will Lepha Conlon, deceased's heir-at-law, claimed undisposed residuum despite provision in will limiting her to specific benefit. Christine Douglas, Macklin Douglas, and Eleanor Robbins, next of kin, asserted claim. From order entered barring Lepha Conlon from inheriting residuum, she appeals. Reversed and remanded.

*William D. Sinclair (James D. Irvine,* of counsel), for appellant.

*James M. Teahen, Jr.,* for appellees.

EDWARDS, J. The sole question posed by this case is whether the maker of a will may, by its express terms, limit the effect of the Michigan statute of descent and distribution as to property not disposed of by will.

The facts in the matter are undisputed. Emma Brown, the testatrix, made a will in 1957. The will contained numerous specific bequests to the objects of Emma Brown's bounty, including one to appellant Lepha Conlon. The will apparently sought to dispose of all Mrs. Brown's property. It contained no residuary clause.

The present dispute arises from this last fact, plus the fact that 1 of the devisees in the 1957 will died before Mrs. Brown did. As to him, the specific bequest lapsed, thereby creating an undisposed of residuum of the estate to which the statute of descent and distribution applies. CL 1948, § 702.1; CLS 1956, § 702.93 (Stat Ann § 27.3178[71]; Stat Ann 1959 Cum Supp § 27.3178[163]).

Appellant is the daughter of a brother of Mrs. Brown. She is thus eligible as an heir under the statute of descent and distribution to a portion of the residuum of the estate, unless she is barred by the language of the will relied upon by appellees who are granddaughters of one of decedent's sisters.

In the bequest to appellant, Mrs. Brown's will provided:

"FOURTH—I give, devise and bequeath to Lepha Conlon, the Stock with the Dow Chemical Company which I hold JOINTLY with her. This bequest is all that Lepha Conlon shall receive from my Estate; and, that she shall NOT receive anything else."

Appellees rely upon Michigan case law wherein this Court has repeatedly held that we seek wherever possible to give effect to the expressed intention of the testator of a will. *In re Farwell's Estate,* 306 Mich 208; *Detroit Wabeek Bank & Trust Company* v. *City of Adrian,* 349 Mich 136. They contend that Mrs. Brown clearly indicated that the bequest provided was all she wanted appellant to have from her estate, and contend also that there is specific support for their position to be found in *LaMere* v. *Jackson,* 288 Mich 99. The circuit judge agreed with this position, and concluded:

"As to question No. 3, that the court determine what disposition should be made with the residue of said estate, it is the determination of the court the residue of the estate be disposed of under the law of descent and distribution [CL 1948, § 702.80 (Stat Ann § 27.3178[150])], subject, however, to the ruling hereinabove, which precludes Lepha Conlon to be a participant in the distribution of the residue, she being limited to the amount set forth in paragraph 4 of said will."

The Michigan statutes bearing on these questions provide:

"Every person of full age and sound mind being seized in his own right of any lands or of any right thereto, or entitled to any interest therein descendable to his heirs, may devise and dispose of the same by his last will and testament in writing, and all such estate not disposed of by the will, shall descend as the estate of an intestate, being chargeable in both cases with the payment of all his debts." CL 1948, § 702.1 (Stat Ann 1943 Rev § 27.3178[71]).

"When any person shall die possessed of any personal estate, or of any right or interest therein not lawfully disposed of by his last will, the same shall be applied and distributed as follows: * * *

"4. * * * if there be no widow or child of the intestate living at his death, his estate shall be distributed to all his lineal descendants and if all such descendants are in same degree of kindred to the intestate, they shall share the estate equally, otherwise they shall take by right of representation." CLS 1956, § 702.93 (Stat Ann 1959 Cum Supp § 27.3178[163]).

On its face, the statute appears to specify the distribution of assets of a decedent's estate as to which he or she died intestate. Further, the statute gives a testator the power to dispose of property by will, but it does not convey the power to disinherit as to intestate property. There is, of course, no doubt but that as to the assets in dispute herein, Mrs. Brown died intestate. Giving effect to her limitation upon appellant's share under the statute of descent and distribution would appear to have the effect of amending the statute.

This is, of course, not a new problem. Michigan has held that a testator could not limit or eliminate an heir from receiving that portion of an estate governed by the statute of descent and distribution except by disposing of the property by will. *Southgate* v. *Karp,* 154 Mich 697 ; *In re McKay Estate,* 357 Mich 447.

In these cases, Michigan followed the general rule in American and British jurisprudence. *Boisseau* v. *Aldridges,* 5 Leigh (32 Va) 222 (27 Am Dec 590); *Coffman* v. *Coffman,* 85 Va 459 (8 SE 672, 2 LRA 848, 17 Am St Rep 69) ; *Todd* v. *Gentry,* 109 Ky 704 (60 SW 639); *Pickering* v. *Stamford* (1797), 3 Ves Jun 492 (30 Eng Rep 1121) ; *Johnson* v. *Johnson,* 4 Beav 318 (49 Eng Rep 361).

See, also, 2 Page on Wills (Lifetime ed), § 929, p 857; 96 CJS, Wills, § 1225, p 1072; 57 Am Jur, Wills, § 1170.

As to *LaMere* v. *Jackson, supra,* relied upon by appellees and the circuit judge, we believe that this case runs counter to the great weight of authority and should be overruled.

Not only does the language of the statute argue strongly for the result we reach herein—so, too, does the doctrine of *stare decisis* in an area of the law pertaining to the descent of property where stability of the law has peculiar value.

Furthermore, we are inclined to reject the argument that by this holding we are necessarily reaching a result in conflict with the intention of the testatrix. The will was made at a time when she allocated her bounty as she wished amongst all of those whom she felt likely to survive her. When death eliminated 1 of them and thus changed the conditions under which the will was drawn, it does not follow that testatrix' limitation upon this devisee would necessarily have remained the same.

Reversed and remanded for further proceedings consistent with this opinion. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.