In re ESTATE of William Henry SMITH, Deceased.

Wayne SMITH, Appellant,

v.

Homer KEMP et al., Respondents.

No. 48812.

Supreme Court of Missouri.

Division No. 1.

Feb. 12, 1962.

Don C. Carter, Sturgeon, for appellant.

W. C. Whitlow, Clyde R. Boyd and J. R. Baker, Fulton, for respondents.

HOUSER, Commissioner.

This is an appeal from a judgment of the Circuit Court of Callaway County reversing a probate court judgment (1) revoking letters of administration previously granted in the Estate of William Henry Smith, Deceased, (2) construing his will and (3) determining heirship.

William Henry Smith died leaving a will the pertinent provisions of which follow: "The natural objects of my bounty are my full sister, Stella * * *, and my half-sister, Cora * * *. I do not wish my half-sister, Cora * * * to receive or take any part or share of my estate * * *. To my sister, Stella * * * I give, bequeath and devise all of my property absolutely, be it real, personal or mixed of every kind and character and wherever situated. I hereby nominate and appoint my sister, Stella * * * executrix of this my last will and testament * * * without * * * bond * * *." The will contained no residuary clause. Stella predeceased the testator.

She left no lineal descendants. Cora survived the testator and is still living. Cora has four children, to whom she has assigned her interest in the estate. William Henry Smith never married. He left surviving him no child or children, father, mother, brother or sister, or their descendants, except the half-sister Cora, and Cora's descendants, and no grandfather or grandmother. He did leave surviving him numerous descendants of seven deceased uncles and of one deceased aunt.

William Henry Smith's will was probated. The named executrix (Stella) having died before testator, the probate court appointed Homer Kemp as administrator of the estate, on Kemp's representation that testator was survived by four nieces and nephews, all nonresidents of Missouri. Thereafter Wayne Smith, a cousin of deceased, filed a renunciation of the right to administer signed by all other cousins of deceased, and a petition to set aside the order appointing Homer Kemp, with the request that he, Wayne Smith, be appointed as administrator. The probate court, construing the will, found that Cora was disinherited thereby and that she had no inheritable interest in the estate; that the nieces and nephews had no interest in the estate; that William Henry Smith died intestate, and that the nearest and next of kin entitled to inherit the estate were the cousins of deceased. Accordingly the probate court set aside Kemp's appointment and appointed Wayne Smith as administrator. On appeal the circuit court reversed this judgment, holding that William Henry Smith died intestate, since the provision for Stella lapsed by her predeceasing testator, there was no residuary clause, and no provision for the disposition of the estate in case of the death of Stella prior to testator's death; that Smith left no lineal descendants, and no father, mother, brother, or sister, or their descendants, except his half-sister Cora, who as sole heir was entitled to the estate by intestate succession, and that her assignees are now entitled to the estate; that neither Wayne Smith nor any of deceased's cous-

ins was entitled to share in the estate; and overruled the petition to remove Homer Kemp as administrator. Wayne Smith appealed.

■ We have jurisdiction because the record reveals that William Henry Smith died seized of real estate which his will undertook to dispose of contrary to the laws of devolution of real estate in the event of intestacy. Title to real estate, therefore, is involved and jurisdiction of the appeal lies in this Court. Constitution of Missouri, Art. V, § 3, V.A.M.S.; Morton v. Simms, Mo., 263 S.W.2d 435.

■ The provision of the will by which William Henry Smith sought to disinherit his half-sister Cora would not defeat the right of Cora to inherit the estate as an heir unless Stella, the person to whom he undertook to devise and bequeath his entire estate, was alive at the time the will took effect. Where a devise and bequest fails for any cause the heir will inherit under the laws of intestate succession, notwithstanding an express provision in the will that the heir not take any part of the estate. Mere words of disinheritance are not sufficient to effect disinheritance; there must be an effective, valid devise in order to cut off the right of the heir to inherit. " * * * [I]n order to deprive the heir of his inheritance, it must not only appear from the will that the testator did not intend him to take any portion of the estate, * * * but the will must also give the property to some one else." Meiners v. Meiners, 179 Mo. 614, 78 S.W. 795, quoted with approval in Smoot v. Harbur, 357 Mo. 511, 209 S.W.2d 249, 252. Valliant, J., stated it this way in Hurst v. Von de Veld, 158 Mo. 239, 58 S.W. 1056, 1058: "Although the intention of a testator to disinherit his heir be clearly expressed, yet, unless the will makes other disposal of his property, it goes to the heir, not by force of the will, but by force of the law of inheritance," and again in Hadley v. Forsee, 203 Mo. 418, 101 S.W. 59, 61, 14 L.R.A.,N.S., 49: "The testator may say in his will that he gives him [an

heir] $1, and he is to have no more of the estate; yet, unless the testator wills the property to some one else, the heir will take it under the statute of descents." The latest expression of this rule by this Court is in In re Fowler's Estate, Mo., 338 S.W.2d 44, 49: "Neither, of course, would the fact * * * that testator did not intend that some of his heirs should share in his estate in any manner have any bearing upon the disposition of that portion as to which he died intestate. When he died intestate as to a portion of his property * * * such heirs take under the law of descent and distribution, *irrespective of his intention or wish.*" (Emphasis ours.)

William Henry Smith attempted by will to make an effectual "other disposal" of his property, but failed to accomplish his purpose. The devise and legacy to his sister Stella lapsed, and the lapse was not prevented by Section 474.460 RSMo 1959, V.A.M.S. "An heir at law who has been disinherited by a will is not prevented from sharing in the testator's property in case a legacy or devise has failed by lapse." Thompson on Wills (3d ed.), § 562, p. 787. Because of the lapse, and the fact that there was no substitutional or residuary clause which would have provided for the actual situation existing at the time of his death, Smith died intestate. His property therefore necessarily descended to his heir, Cora, Section 474.010(2) (b), RSMo 1959, V.A.M.S.; Gregory v. Borders, 345 Mo. 699, 136 S.W.2d 306; and goes by assignment to Cora's children.

The doctrine of the Meiners, Smoot, Hurst, Hadley and Fowler cases is the rule in the great majority of the states. 2 Page on Wills (Lifetime ed.) § 929, p. 857; 1 Jarman on Wills (8th ed.), p. 335; Thompson on Wills (3d ed.) § 562, p. 787; 96 C.J.S. Wills § 718, fns. 37, 38; Idem. § 1225 (2), p. 1073, fn. 64; 57 Am.Jur., Wills, § 1170.

Appellant emphasizes the strong expression of intention to disinherit Cora, and re-

lies heavily on the statute, Section 474.430 RSMo 1959, V.A.M.S., which directs that courts have due regard to the directions of the will, and the true intent and meaning of the testator. But no matter how strong the testator's intention to disinherit an heir may be expressed in a will, that intention cannot be given any effect *as to intestate property*. The negative admonition applies only to property passing under the will. The only method of disinheriting such an heir is for testator to effectively give the property to someone else. 57 Am.Jur., § 1170, p. 766.

Appellant quotes from 26A C.J.S. Descent and Distribution § 43, p. 589 in support of the proposition that where a person leaves a will but dies intestate as to a part of his property that part passes to his heirs or next of kin under the law of descent and distribution in the absence of anything in the will indicating any intention that a particular person should be barred from sharing in the intestate property. The first sentence in said § 43 is more nearly apposite: "While the operation of the law of descent and distribution may be defeated by a will, as discussed supra § 2, the rights conferred by the intestate laws are only taken away by a *will which effectually disposes of the entire estate* of the decedent." (Emphasis ours.) The will must not only *purport* to dispose of the property, but must *actually* operate to dispose of the property, under the facts existing at the time the will speaks. Appellant quotes a headnote found at 96 C.J.S. Wills § 1226, p. 1081, but this relates to cases of partial intestacy where the will contains a residuary clause which lapses, but the testator expressed some other intention with respect to the disposition of the property, a situation not found here.

Appellant cites Wyatt v. Stillman Institute, 303 Mo. 94, 260 S.W. 73, 75, and Compton v. McMahan, 19 Mo.App. 494, 500, for the proposition that an ancestor, by will, may interrupt and interfere with the course of the law of descent and distribution, and control the devolution of his property. This general proposition, while true, does not control this situation.

Appellant cites Cattell v. Evans, 301 Mich. 708, 4 N.W.2d 67; LaMere v. Jackson, 288 Mich. 99, 284 N.W. 659, and Strauss v. Strauss, 363 Ill. 442, 2 N.E.2d 699, 105 A.L.R. 1386, in support of the proposition that a testator, by will, can preclude an heir from participating in his intestate property. If Cattell v. Evans, on its different facts, supports appellant's position it is not consistent with later rulings by the Michigan Supreme Court, for in 1959 that Court said "We agree that the strong language of the disinheritance clause does not determine this case. If the will fails in whole or part, the legal heirs take by law of intestacy even against the expressed opposition of the testatrix." In re McKay's Estate, 357 Mich. 447, 98 N.W.2d 604, 606. LaMere v. Jackson was specifically overruled in the recent case of In re Brown's Estate, (1960), 362 Mich. 47, 106 N.W.2d 535, 537, in which the Michigan Supreme Court adhered to the general rule that a testator cannot "limit or eliminate an heir from receiving that portion of an estate governed by the statute of descent and distribution except by disposing of the property by will." Strauss v. Strauss seems to contravene the general rule in Illinois, stated in Tea v. Millen, 257 Ill. 624, 101 N. E. 209, 45 L.R.A.,N.S., 1163, as pointed out in the dissenting opinion of Farthing, J. in the Strauss case.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.