IVANOFF *v.* JOHNSON

1. WILLS—CONSTRUCTION—PRECATORY LANGUAGE.

Language in will which gave everything to defendant without qualification, limitation, or direction and then qualified the gift in subsequent paragraphs indicating a desire for certain disposition of property *held*, to be precatory, rather than mandatory.

2. SAME—CONSTRUCTION—TRUSTS.

Language in will which gave property to defendant without qualification, limitation, or direction, and then indicated wish of testator that she fairly and equitably distribute property as suggested by testator, manifests an intention to impose a moral obligation on defendant but leave her free of any legal obligation to apply the property as suggested, since such language creates no trust, and defendant takes the property for her own benefit.

3. JOINT TENANCY—PERSONAL PROPERTY.

A right of survivorship may be created in personal property, in the absence of statutory provisions to the contrary.

4. APPEAL AND ERROR—WILLS—JOINT TENANCY—STOCK.

Finding of trial court that stock issued to decedent and defendant as joint tenants with right of survivorship was property of defendant after death of decedent and not part of his estate *held*, supported by the record.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills §§ 1020, 1128, 1129.
[2] 57 Am Jur, Wills §§ 1128, 1129, 1180.
[3] 20 Am Jur 2d, Cotenancy and Joint Ownership § 6.
[4] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 9, 11, 13.

Appeal from Missaukee; Bebeau (Leo B.), J., presiding.   Submitted Division 3 January 5, 1967, at Grand Rapids.  (Docket No. 1,320.)  Decided March 14, 1967.

Complaint by Ethel J. Ivanoff and Virginia C. Spiegel against Byron K. Johnson, administrator with the will annexed of estate of Henry John Masselink, deceased, and Elizabeth Ann Johnson, for construction of a will.  Judgment for defendants.  Plaintiffs appeal.  Affirmed.

*Korn & Burns (Robert A. Burns* and *John C. Cary,* of counsel), for plaintiffs.

*Curry & Curry (Robert J. Curry,* of counsel), for defendant Elizabeth Ann Johnson.

QUINN, J.   Plaintiffs, two of three children of Henry John Masselink, deceased, filed this action in Missaukee county circuit court to obtain a construction of their father's will and to determine ownership of certain stock.   Defendant Elizabeth Ann Johnson is the other child of Henry John Masselink.   The judgment of the trial court was unfavorable to plaintiffs, and they appeal.

Henry John Masselink died October 29, 1961, and his will of May 20, 1958, was admitted to probate in Missaukee county May 2, 1962, without objection.   This will was drafted by an attorney, and the language contained in paragraphs 4 and 5 thereof produced this lawsuit.   Paragraph 4 states as follows:

"FOURTH:   I hereby give, devise and bequeath all of my property, real, personal and mixed, at whatever time acquired by me and wheresoever

situate to my daughter Elizabeth Ann Johnson. It is my wish that she fairly and equitably distribute this property as she may see fit to among the members of my family. I give her complete discretion in the distribution of all of my property as I know that she will act in a fair and just manner to the members of my family and try to the best of her ability to so allocate my property as to please all those interested in it. She may either sell the property and keep the proceeds for herself or allocate the proceeds among the members of my family as she may see fit to do. If she so chooses, she may distribute the property intact as she deems wise and expedient."

Paragraph 5 reads:

"FIFTH: Concerning the United States Steel Stock that Elizabeth Ann Johnson and I own jointly, it is my wish that the other fifty (50%) per cent of it be retained by her for her use absolutely. It is also my wish that fifty per cent (50%) of the stock be either sold and the proceeds divided as follows or she may divide the remaining fifty per cent (50%) as follows hereafter. If she so desires, she may, of course, retain one hundred per cent (100%) of the stock as it belongs to her jointly, but it is my wish and desire that the following proportionate shares be distributed as follows:

Elizabeth Ann Johnson   50 percentum more or less
Virginia Spiegel        15 percentum more or less
Ethel J. Ivanoff        17 percentum more or less
Carrie Dykgraff          3 percentum more or less

"It is my wish and desire that the balance of said stock, being fifteen per cent (15%), of what I and Elizabeth jointly own, be retained by Elizabeth in addition to the above percentage of fifty per cent (50%). However, I desire that all income from said fifteen per cent (15%) of our stock be donated annually to a charitable organization or organizations of Elizabeth's choice. Said charitable organization or organizations should be engaged in aid-

ing and assisting needy and/or crippled children, making no distinction of race, creed or color. It would also be my wish that upon Elizabeth's death that she provide in her Will for the continuation of this donation of the income of fifteen per cent (15%) of said stock to be given to such charitable organization or organizations as she may designate."

At trial, plaintiffs introduced in evidence the probate file, a circuit court file in a divorce action between decedent and his former wife, and some Michigan intangible tax returns, made an opening statement and rested. Defendants offered no proof. This is the record on which the trial court decided that Elizabeth Ann Johnson took the entire estate and that she is the owner of the stock involved, and it is also the record on which we review that decision together with the agreed statement of facts.

Plaintiffs concede that if paragraph 4, *supra,* consisted only of the first sentence thereof: "I hereby give, devise and bequeath all of my property, real, personal and mixed, at whatever time acquired by me and wheresoever situate to my daughter, Elizabeth Ann Johnson," the entire estate would go to Elizabeth Ann Johnson. They contend, however, that the remaining language of paragraph 4 establishes an intention on the part of the testator to leave his estate to his 3 children, and that the beneficial interest taken by Elizabeth under the first sentence of paragraph 4, actually is a taking in trust for the benefit of Elizabeth and plaintiffs. If this is not the true meaning of paragraph 4, plaintiffs next contend that under *LaMere* v. *Jackson* (1939), 288 Mich 99, the estate goes to the heirs on the basis of intestate succession because paragraph 4 is not capable of construction except by speculation.

With respect to the latter contention, suffice it to say we do not read *LaMere* as controlling here because of difference in language employed by the testator in *LaMere* and the language employed by the testator here. In the former, after giving, devising and bequeathing all of the residue to 3 persons and in the same sentence of the will, the testator stated "those 3 to apportion my estate amongst my remaining brothers and sisters as they think proper   *   *   *." In the case before us, the testator left everything to Elizabeth without qualification, limitation or direction. In separate sentences thereafter, he *wished* that she fairly and equitably distribute, gave her complete discretion in such distribution, allowed her to sell and keep the proceeds or allocate them, or permitted distribution of property intact. The form and language of the will in *LaMere* are mandatory rather than precatory.

The trial court found no mandate, demand, command or direction in the language of paragraph 4 relied on by plaintiffs, nor do we. Rather, the language manifests an intention to impose a moral obligation on Elizabeth but leaves her free of any legal obligation to apply the property as suggested by her father. Such language creates no trust and Elizabeth takes the property for her own benefit. *Townsend* v. *Gordon* (1944), 308 Mich 438 (151 ALR 1432).

The factual background concerning the stock mentioned in paragraph 5, *supra,* is as follows: in 1954, decedent purchased 1,000 shares of United States Steel stock with funds of his and of Elizabeth Ann Johnson. These stock certificates were issued to "Henry John Masselink and Elizabeth Ann Johnson, as joint tenants, with right of survivorship and not as tenants in common." This stock split 2 for 1

in 1955 and the 2,000 shares were issued to "Henry John Masselink and Elizabeth Ann Johnson, as joint tenants, with right of survivorship and not as tenants in common." In a property settlement incidental to the divorce action between decedent and his wife, 250 shares of this stock were transferred to the wife. Elizabeth A. Johnson executed the transfer with her father without compensation therefor. Decedent reported the stock as his on Michigan intangible tax returns and reported the dividends therefrom as income on his Federal income tax returns, except for the 250 shares transferred to his wife from the time of such transfer. This stock was not inventoried in the estate of Henry John Masselink, nor was it found in his safety deposit box, and it is in the possession of Elizabeth Ann Johnson. From these facts and the language of paragraph 5, *supra,* "she may, of course, retain one hundred per cent (100%) of the stock as it belongs to her jointly," the trial court concluded Elizabeth Ann Johnson was the owner of the stock in question because plaintiffs had failed to prove otherwise.

In the absence of statutory provisions to the contrary, a right of survivorship may be created in personal property. *Detroit & Security Trust Co.* v. *Kramer* (1929), 247 Mich 468. We find no statutory provision to the contrary, but we do find a clear intent on the part of Henry John Masselink to create a right of survivorship in Elizabeth Ann Johnson with respect to this stock and the accomplishment of that intention. This finding is supported by the following facts in the record: issuance of the stock certificates in the form they were issued; admissions of Henry John Masselink found in his answer filed in the divorce case that:

"his daughter and he own as joint tenants with right of survivorship 2,000 shares of United States Steel stock;"

and

"he admits that he caused the 1,000* shares of USS common stock to be issued to himself and his daughter, Elizabeth Ann Johnson, as joint tenants with right of survivorship; he avers that his daughter Elizabeth Ann Johnson, while she was teaching school turned over to him certain sums of money to invest for her, and that he placed the title to said stock in their joint names to compensate her, among other things, for the money which she had turned over to him to invest for her;"

his admission in paragraph 5 of his will; the stock was not in his safety deposit box and is in the possession of Elizabeth Ann Johnson. This finding is not controverted by any proof offered by plaintiffs.

Affirmed, with costs to defendants.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.

---

* Original issue.